# Commonwealth ex rel. Wallace *v.* Burke, Warden.

PER CURIAM, March 5, 1946:

Relator, Charles P. Wallace, was tried on February 5, 1945, on two indictments charging incestuous rape.

He was found guilty on both bills, and was sentenced on one indictment to two and one-half to five years imprisonment. No sentence was imposed upon the second indictment. A new trial was granted on February 21, 1945; relator came to trial and was again convicted on both indictments on April 18, 1945, and was sentenced on one indictment to seven and one-half to fifteen years, and on the other indictment to two and one-half to five years, the sentence to run consecutively. Within the same term, on May 1, 1945, the court reconsidered and sentenced relator to five to fifteen years on one and to two to five years on the other indictment, the sentences to run consecutively. The sentences were so imposed that time began to run from the date of incarceration, January 24, 1945.

Relator prays for issuance of the writ on the grounds that he has been denied his constitutional right of equal protection under the law, and that the imposition of the sentences after the new trial was illegal.

The contentions are devoid of merit. The granting of a new trial sets aside the verdict. *Com. v. Bishop,* 69 Pa. Superior Ct. 435. "When a court grants a new trial, the necessary effect thereof is to set aside the prior judgment and leave the case as though no trial had been held: . . . By the operation of an order granting a new trial, the cause, in contemplation of law, is precisely in the same condition as if no previous trial had been held": *Giles v. Ryan,* 317 Pa. 65, 69, 176 A. 1. See, also, *Cimino v. Laub,* 157 Pa. Superior Ct. 371, 43 A. 2d 446.

The sentence imposed following the trial of April 18, 1945, was valid in every respect, and the reconsideration and modification thereof, having occurred within the term, cannot be validly questioned. It follows that relator is validly imprisoned, and has no just complaint.

The writ is refused.