387 A.2d 845

**COMMONWEALTH of Pennsylvania**

v.

**Robert L. HART, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 12, 1978.

Decided June 2, 1978.

Rudolph S. Pallastrone, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Eric Henson, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

On March 6, 1975, a court sitting without jury convicted appellant of murder of the third degree but, upon post-verdict motions, granted a new trial because the Commonwealth withheld from appellant potentially exculpatory evidence. On November 18, 1975, a jury on retrial convicted appellant of murder of the third degree. The court denied post-verdict motions and sentenced appellant to imprisonment of ten to twenty years. Appellant argues that the trial court abused its discretion by reconsidering admissibility of certain testimony ruled inadmissible at the first trial when no new facts on the issue had been presented at trial.[1] We affirm.[2]

1. We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1977).

2. Appellant also contends that (1) even if the trial court, on retrial, could properly reconsider admissibility of the testimony in question, it erred in allowing admission of the testimony; (2) the court erred in

At the first trial, the court excluded testimony of statements the victim gave to a witness shortly after the stabbing. Upon retrial, another trial judge permitted the Commonwealth to introduce the testimony under the res gestae exception to the hearsay rule.

The issue appellant raises is, for criminal proceedings, one of first impression in this Court. In *Commonwealth ex rel. Wallace v. Burke*, 158 Pa.Super. 612, 45 A.2d 871 (1951), the court stated:

> "When a court grants a new trial, the necessary effect thereof is to set aside the prior judgment and leave the case as though no trial had been held. . . . By the operation of an order granting a new trial, the cause, in contemplation of law, is precisely in the same condition as if no previous trial had been held."

Id. 158 Pa.Super. at 613, 45 A.2d at 871; accord, *Commonwealth v. Fox*, 181 Pa.Super. 292, 124 A.2d 628 (1956) (dictum); *Commonwealth ex rel. Wallace v. Burke*, 169 Pa.Super. 633, 84 A.2d 254 (1946). This rule has been accepted in those jurisdictions which have considered the issue. See *Bramblett v. State*, 139 Ga.App. 745, 229 S.E.2d 484 (1976); *State v. Osburn*, 216 Kan. 638, 533 P.2d 1229 (1975); *State v. Hale*, 127 N.J.Super. 407, 317 A.2d 731 (App.Div.1974); *State v. Kinsey*, 7 Wash.App. 773, 502 P.2d 470 (1972). Accordingly, it has been held that on retrial, a ruling of the previous trial court on admissibility of evidence is not binding on the new trial court. *State v. Schiel*, 428 P.2d 889 (Okl.Crim.App. 1967) (search and seizure claim); accord, *State v. McLemore*,

allowing a portion of the record to be read to the jury after it began deliberations; (3) the trial court engaged in misconduct by the nature and length of its questioning of a defense witness; and (4) the district attorney engaged in misconduct by making irrelevant and inflammatory comments. We find these contentions without merit. See *Commonwealth v. Little*, 469 Pa. 83, 364 A.2d 915 (1976) (res gestae exception to hearsay rule); *Commonwealth v. Cooley*, 465 Pa. 35, 348 A.2d 103 (1975) (same); *Commonwealth v. Peterman*, 430 Pa. 627, 244 A.2d 723 (1968) (reading of record to jury); *Commonwealth v. Brown*, 438 Pa. 52, 265 A.2d 101 (1970) (court's discretion to question witnesses); *Commonwealth v. Brown*, 467 Pa. 512, 359 A.2d 393 (1976) (prosecutorial comments); *Rose v. Hoover*, 231 Pa.Super. 251, 331 A.2d 878 (1975) (scope of cross-examination).

561 P.2d 1367 (Okl.Crim.App.1977) (same; dictum); *State v. Hale,* supra (voluntariness of confession); cf. *State v. Kidwell,* 204 Kan. 200, 460 P.2d 614 (1969) (instruction to jury of first trial court, based on facts court found, not binding on second trial court on remand after reversal).

We think the result of these cases sound. Each trial court has an independent obligation to assure a just proceeding, ABA Project on Standards for Criminal Justice, Standards Relating to the Function of the Trial Judge § 1.1(a) (Approved Draft, 1972), and to make individual determinations based on the facts of each case. Id., § 1.1(b). Admission or exclusion of evidence therefore lies in the discretion of the trial court. *Jones v. Spidle,* 446 Pa. 103, 286 A.2d 366 (1971); *Tolbert v. Gillette,* 438 Pa. 63, 260 A.2d 463 (1970); *Abbott v. Steel City Piping Company,* 437 Pa. 412, 263 A.2d 881 (1970); *Brandon v. Peoples National Gas Company,* 417 Pa. 128, 207 A.2d 843 (1965); see, e. g., *Commonwealth v. Stoltzfus,* 462 Pa. 43, 337 A.2d 873 (1975) (admissibility of photographs); *Commonwealth v. Ware,* 459 Pa. 334, 329 A.2d 258 (1974) (competency of witness to testify). Appellant's argument, if accepted, would deprive a trial court of discretion it needs to execute its duty and to conduct a fair trial.

The rule announced for criminal cases in *Commonwealth ex rel. Wallace v. Burke,* supra, has been adopted in civil proceedings, where, upon grant of a new trial, the prior judgment is set aside and the case, including all matters raised by the pleadings, is restored to the status it had before any trial took place as though no trial had been held. *Giles v. Ryan,* 317 Pa. 65, 176 A. 1 (1935); *Pennsylvania Co. v. Lynch,* 308 Pa. 23, 162 A. 157 (1932); *Harris v. No. 1 Contracting Corporation of Delaware,* 215 Pa.Super. 524, 258 A.2d 663 (1969) (dictum); *Kelly v. Horn,* 173 Pa.Super. 603, 97 A.2d 833 (1953); *Ford v. Philadelphia,* 148 Pa.Super. 195, 24 A.2d 746 (1942); *Campbell v. National Ben Franklin Fire Insurance Co.,* 123 Pa.Super. 274, 187 A. 217 (1936). See *Dosen v. Union Collieries Company,* 150 Pa.Super. 619, 29 A.2d 354 (1956) (Unemployment Compensation Board on remand could make findings and conclusions of law contrary to those of first panel, even when no new evidence had been

presented on remand); *Walsh v. Penn Anthracite Mining Company,* 147 Pa.Super. 328, 24 A.2d 51 (1942) (same; "[The Board] was not bound by the action of the prior board any more than a court, when sitting as a fact-finding body, rehearing a case, is bound by the findings of the prior court . . . ."); cf. *Filanowski v. Zoning Board of Adjustment,* 439 Pa. 360, 266 A.2d 670 (1970) (although parties and issues were the same, zoning board at second proceeding could grant variance it had denied several years earlier).

We therefore conclude that the trial court at appellant's second trial did not err in reconsidering the admissibility of evidence ruled inadmissible at the first trial. To do otherwise would require the trial court to exclude evidence which it deems properly admissible under the rules of evidence, see n.2 supra. Cf. *Reamer's Estate,* 331 Pa. 117, 200 A. 35 (1938) (orphans' court hearing claim for distribution not bound by decision on same point of law covering previous distribution from same estate). Moreover, the Commonwealth has never had an opportunity to contest on appeal the validity of the ruling of the first trial court. In these circumstances, it would be unfair to the Commonwealth to give to the ruling of the first trial court the effect of a final decision with respect to the second trial. Cf. *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974) (issues waived only if party failed to raise them at first opportunity).

Judgment of sentence affirmed.