392 A.2d 1324

COMMONWEALTH of Pennsylvania

v.

Charles John OAKES, Appellant.

Supreme Court of Pennsylvania.

Argued Oct. 20, 1977.

Decided Oct. 5, 1978.

344

Rudolph S. Pallastrone, George A. Bachetti, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Michael R. Stiles, Asst. Dist. Atty., Chief, Appeals Div., Gaele McLaughlin Barthold, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

 

## OPINION OF THE COURT

POMEROY, Justice,

In October of 1974 appellant, Charles John Oakes, was convicted by a jury for the second time of murder in the first degree in the beating death of Eleanor Sanchez. Post-verdict motions were denied by a court en banc and defendant was sentenced to imprisonment for life. This appeal followed.[1] It requires us to consider whether a court en banc, in passing upon post-verdict motions challenging the admissibility of certain evidence following a retrial of a criminal defendant, is bound by the post-trial ruling of a previous court en banc sitting after the first trial to the effect that the evidence in question was admissible. The court of common pleas felt that it was so bound. We disagree, and will remand to the trial court for renewed consideration of those portions of appellant's post-trial motions which it declined to entertain.

The record discloses that on the morning of November 12, 1971, the lifeless body of Eleanor Sanchez was discovered in her home in Philadelphia. Based on information obtained at the scene of the crime, Charles Oakes was arrested at 10:45 A.M. the same morning. He remained in police custody until the time of his arraignment on murder charges some thirty-six hours later. During this period Oakes made three incriminating statements which, prior to his first trial in April of 1973, he moved to suppress on the ground that they were illegally obtained. The motion was denied and all three statements were introduced into evidence during the course of that trial, which resulted in a verdict of guilty of murder in the first degree. Oakes then filed post-trial motions alleging that the suppression court had erred in refusing to suppress the three statements. The court en

1. This Court has jurisdiction pursuant to Section 202(1) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, Art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1977–78), since superseded by Section 722(3) of the Judicial Code, 42 Pa.C.S. § 722(3) (effective June 28, 1978).

banc agreed with respect to the third statement and awarded a new trial.[2]

Prior to retrial, Oakes sought to have the remaining two statements suppressed but the judge hearing that motion refused to consider the issue or to conduct a new suppression hearing. See *Commonwealth v. Harmon*, 469 Pa. 490, 366 A.2d 895 (1976); *Commonwealth v. DeMichel*, 442 Pa. 553, 277 A.2d 159 (1971); *Commonwealth v. Throckmorton*, 241 Pa.Super. 62, 359 A.2d 444 (1976). The two statements were again introduced into evidence at the second trial and again a jury convicted appellant of murder in the first degree. In the new post-trial motions which Oakes then filed he again contended that the two statements were inadmissible.[3] Like the hearing judge, the new court en banc refused to consider any issues decided by the court en banc which sat on post-trial motions following the first trial. The remaining allegations of error in Oakes' post-trial motions were rejected and sentence was imposed. This appeal was then filed.

In refusing to consider appellant's post-trial claims relating to the suppression of evidence, the second court en banc reasoned that it was without the power to overrule the previous court en banc since both courts were of equal authority. We disagree; while this consideration properly serves as a restraint in many situations, this is not one of them.[4]

2. Specifically, the court ordered that all statements obtained from the defendant subsequent to 12:20 A.M. on the morning of November 13, 1971, were to be suppressed. The reasons for the ruling do not appear of record and the Commonwealth did not appeal the decision. See *Commonwealth v. Youngblood*, 453 Pa. 225, 307 A.2d 922 (1973).

3. Also at issue was the suppression court's ruling that certain physical evidence was properly seized during a search of appellant's residence.

4. Because of our disposition of the case, it is unnecessary to reach the merits of appellant's other contentions to the effect that (1) a defendant, upon the grant of a new trial, is entitled to relitigate issues before a new suppression court; (2) certain physical evidence was seized from appellant's home upon search warrants executed without probable cause; (3) the statements introduced at trial were inadmissible because (a) involuntary, (b) obtained in violation of Pa.R.

■ Under our system, a defendant who has been convicted of a crime has the right to file timely motions for a new trial and in arrest of judgment, which motions are decided by a court en banc before final judgment may be entered. *See* Pa.R.Crim.P. 1123, and Comments thereto. The function of the court en banc is to review the rulings of the suppression hearing judge and the trial judge. *Commonwealth v. Youngblood*, 453 Pa. 225, 307 A.2d 922 (1973); *Commonwealth v. Ware*, 438 Pa. 517, 265 A.2d 790 (1970); *Commonwealth v. Bonser*, 215 Pa.Super. 452, 258 A.2d 675 (1969). Thus, the court en banc sits as a "higher" tribunal than the trial court and serves as the initial step in the appellate review of trial proceedings. *Commonwealth v. Youngblood, supra; Commonwealth v. Ware, supra; Commonwealth v. Bonser, supra.* We know of no rule which strips a court en banc of the authority, indeed the duty, to dispose of a defendant's allegations of trial error properly presented in written post-verdict motions. See *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975).

■ The grant of a new trial wipes the slate clean of the former trial. As we stated in *Commonwealth v. Hart*, 479 Pa. 84, 86, 387 A.2d 845, 847 (1978), quoting *Commonwealth ex rel. Wallace v. Burke*, 158 Pa.Super. 612, 613, 45 A.2d 871 (1951):

"'When a court grants a new trial, the necessary effect thereof is to set aside the prior judgment and leave the case as though no trial had been held . . . . By the operation of an order granting a new trial, the cause, in contemplation of law, is precisely in the same condition as if no previous trial had been held.'"

See *Andrews v. Jackson*, 211 Pa.Super. 166, 235 A.2d 452 (1967); *Caines v. Collins*, 194 Pa.Super. 230, 166 A.2d 675 (1961); *Commonwealth v. Fox*, 181 Pa.Super. 292, 124 A.2d

Crim.P. 118 (now Rule 130), and (c) the fruit of an illegal arrest; (4) the trial court, in its charge to the jury, impermissibly commented upon the evidence; and (5) the trial court erred in giving a modified "*Allen* charge" to the jury.

628 (1956). See also 5 Am.Jur.2d, Appeal and Error, § 955 (1962). Upon the grant of a new trial, therefore, Oakes was entitled to a *wholly* new trial, whether before the same or a different judge, unfettered by the rulings, pro or con, made at the first trial, and with the right to have new rulings on evidence, points for charge and other matters which arise in the course of a trial. By the same token, Oakes also became entitled, upon completion of the second trial, to a fresh review of alleged trial error by a court en banc. Pa.R. Crim.P. 1123. Cf. *Commonwealth v. Hart, supra.* This post-verdict review should be made in light of the record as it develops at the new trial, which may well be different from the earlier trial. Cf. *Commonwealth v. DeMichel, supra; Commonwealth v. Eckhart,* 430 Pa. 311, 316, n.1, 242 A.2d 271, 273, n.1 (1968); *Commonwealth v. Throckmorton, supra; Commonwealth v. Kaschik,* 235 Pa.Super. 388, 396–97, n.7, 344 A.2d 519, 524, n.7 (1975). While many of the issues to be decided post-trial may remain the same, and the decisions and reasoning of the prior court on such issues may be instructive and perhaps persuasive, there is no reason why the prior court's determination should be controlling.

■ Holding as we do serves not only the immediate interest of the defendant but also the interest of facilitating effective appellate review. See *Commonwealth v. Reid,* 458 Pa. 357, 326 A.2d 267 (1974). Even where the court en banc finds no reversible error, its review frequently serves to crystalize the issues and provide an appellate court, should an appeal be taken, with the findings, conclusions and reasoning of the court of common pleas with respect to an asserted issue. See *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974); *Commonwealth v. Bonser, supra.* Hence, our longstanding rule has been that where an appeal is taken, the trial court must file of record an opinion or statement in support of its determination. *See* Pa.R.A.P. 1925. In the case at bar the well-meant refusal of the second court en banc to consider the earlier raised allega-

tions or error defeats this orderly scheme of appellate review.[5]

Judgment of sentence vacated and case remanded for further proceedings consistent with this opinion.

PACKEL, former J., did not participate in the decision of this case.

MANDERINO, J., concurs in the result.

---

5. Because the order of the first court en banc granted a new trial, its determination that the first two inculpatory statements given by Oakes were admissible was interlocutory in nature and not then appealable by the defendant. *Commonwealth v. Cole*, 437 Pa. 288, 263 A.2d 339 (1970); *Commonwealth v. Haushalter*, 423 Pa. 351, 223 A.2d 726 (1966); *Commonwealth v. Pollick*, 420 Pa. 61, 215 A.2d 904 (1966). But cf. Pa.R.A.P. 311(b). Moreover, the basis of the decision of the first court en banc may well not be of record (as it was not here) since Pa.R.A.P. 1925 requires that an opinion or a memorandum in support of a decision be filed only in cases in which an appeal is actually lodged. Because the second court en banc refused to consider the admissibility of the two challenged statements, the appellate court is left with no insight whatever as to the reasoning of the trial court in the matter.