418 A.2d 629

**COMMONWEALTH of Pennsylvania**

v.

**Donald SAVAGE, Appellant.**

Superior Court of Pennsylvania.

Argued June 13, 1979.

Filed Feb. 1, 1980.

Anthony D. Reagoso, Philadelphia, for appellant.

Franklin Noel, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

SPAETH, Judge:

A jury convicted appellant of robbery,[1] burglary,[2] conspiracy,[3] and aggravated assault.[4]  Post–verdict motions were denied,. and appellant was sentenced to 6 to 15 years for robbery; 6 to 15 years for burglary, with the sentence to run consecutive to the sentence for robbery; a concurrent term of 3 to 6 years for conspiracy; and an additional concurrent

---

* President Judge JOHN Q. STRANAHAN, of the Court of Common Pleas of Mercer County, Pennsylvania, and Judge LEONARD SUGERMAN, of the Court of Common Pleas of Chester County, Pennsylvania, are sitting by designation.

1.  18 Pa.C.S. § 3701.

2.  18 Pa.C.S. § 3502.

3.  18 Pa.C.S. § 903.

4.  18 Pa.C.S. § 2702.

term of 2 and ½ to 5 years for aggravated assault.[5]  On this appeal appellant claims that the trial judge erred in his instructions to the jury.

Viewed in the light most favorable to the Commonwealth, the evidence at trial was as follows.  At approximately 3:15 a. m., on April 22, 1977, appellant and his co–defendant, each carrying a revolver, accosted Joseph Bennett on the steps leading to his apartment house in Philadelphia.  At their command Bennett unlocked the door to the apartment house.  Once inside, appellant and his co–defendant forced Bennett to his knees and took over $200 from him.  Appellant took Bennett's keys and locked the front door behind him.  He then returned the keys to Bennett, required him to unlock the door to his apartment, and went to an upstairs apartment.  There, at gunpoint, he ordered Bennett's neighbor, Devoux Gould, to come downstairs.  When Gould requested permission to get dressed, appellant struck him on the head with the butt of his revolver and told him to shut up.  Meanwhile, appellant's co–defendant had accompanied Bennett inside Bennett's apartment and started to rifle Bennett's dresser drawers.  Unbeknownst to appellant or his co–defendant, Bennett's roommate had escaped out the back and called the police, who came to the scene and arrested appellant and his co–defendant.  One officer searched the co–defendant and recovered over $200 in the same denominations as Bennett had described were taken from him.[6]

At the close of all the testimony the jury retired to deliberate.  After approximately two hours, the jury sent a message to the trial judge, requesting that he explain the

5.  Appellant was also charged with simple assault.  At the end of its case in chief, however, the Commonwealth withdrew that charge.

6.  Appellant argues that the trial judge erred in permitting a police officer to testify with respect to the amount and denomination of the money seized from appellant's co–defendant.  Mr. Bennett testified that included in the money taken from him were five $20 bills and one $100 bill.  Officer Michael Gross testified that he had participated in the arrest, and that when he searched appellant's co–defendant, he found five $20 bills and one $100 bill.  Appellant objected and argues on appeal that this testimony was hearsay.  This argument is without merit.

meaning of aggravated assault. The judge recalled the jury and instructed them as follows:

I will repeat the instructions which I gave the jury in my charge.

In order to find the defendant guilty of aggravated assault you must find that the defendant attempted or threatened to cause serious bodily injury to Devoux Gould.

Serious bodily injury is bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ.

Now, according to my recollection of the evidence, which is not binding on you, it is your recollection of the evidence that counts, this arises out of the testimony of Devoux Gould that the defendant–I withdraw that.

I will leave it to your recollection entirely. I have given you the definition; and I gave it to you again.

Resume your deliberations.

N.T., October 14, 1977, at 61–62.

Approximately two hours after this, the jury again returned with a question about the meaning of aggravated assault, and the judge further instructed them as follows:

THE COURT: Mr. Foreman, the Court has received the following communication from the jury.

"Does the charge of aggravated assault arise out of the alleged fact that the defendant pointed a gun at Gould or does it arise out of the alleged fact that the defendant struck Gould?"

The answer to both questions is yes, provided the jury also finds that as the result of either or both alleged incidents, first, that they occurred, and secondly, that this was done in an attempt or a threat to cause serious bodily injury to Mr. Gould.

Serious bodily injury, again, is bodily injury which creates a substantial risk of death or which causes serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

As I recall the evidence, and it is yours to consider as to whether it's accurate, and as to the weight to be accorded to it, is that Mr. Gould was struck on the head or the face, but at any rate, it arises out of that.

The answer to your two questions is yes, if you find that either or both events occurred, with the attempt or threat to cause serious bodily injury to Mr. Gould.

N.T., October 14, 1977, at 62–63.

■ Appellant's first argument is that by stating, in the second of these instructions, how he recalled the evidence, the trial judge improperly invaded the province of the jury and conveyed to the jurors the view that the judge found Gould's story credible.

Section 4.7 of the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Trial by Jury (Approved Draft, 1968), provides:

(a) The Court, at the time it instructs the jury, may summarize and comment on the evidence, provided the jury is clearly and unequivocally instructed that it is the exclusive judge of the facts, that it is to determine the weight of the evidence and the credibility of witnesses, and that it is not bound by the comments of the court.

(b) The summary and comment permitted in subsection (a) is governed by the following principles: . . .

(iv) The court may state the law and comment on matters in evidence bearing on the credibility of any witness, but may not directly express an opinion that certain testimony is worthy or unworthy of belief.

*And see Commonwealth v. McNeill*, 462 Pa. 438, 341 A.2d 463 (1975); *Commonwealth v. Hudson*, 455 Pa. 117, 314 A.2d 231 (1974); *Commonwealth v. Butler*, 448 Pa. 128, 291 A.2d 89 (1972); *Commonwealth v. Archambault*, 448 Pa. 90, 290 A.2d 72 (1972).

In this case the only effect of the judge's discussion of the evidence was to direct the jury's attention to the episode from which the aggravated assault charge arose. The judge did not in any way comment on Mr. Gould's credibility.

Moreover, in stating his recollection the judge properly warned the jury that its accuracy and the weight to be accorded the evidence were for them to decide. The cases cited by appellant are inapposite, for in each of them the comments by the trial judge were prejudicial to the defendant. In *Commonwealth v. Archambault, supra,* for instance, the judge commented that "I think it would be a miscarriage of justice to find this defendant not guilty." *And see Commonwealth v. Butler, supra* (judge engaged in extensive questioning of witness because he found witness's story incredible); *Commonwealth v. McNeill, supra* (judge stated opinion as to appropriate degree of guilt); *Commonwealth v. Goins,* 457 Pa. 594, 321 A.2d 913 (1974) (same). Here the judge's comment was much like that found not prejudicial in *Commonwealth v. Hudson, supra,* where the judge merely summarized the testimony and made no suggestion as to the weight to be accorded it.

Appellant's second argument is that the trial judge erred in instructing the jury on the meaning of aggravated assault.

It will be recalled that the jury asked, "Does the charge of aggravated assault arise out of the alleged fact that the defendant pointed a gun at Gould or does it arise out of the alleged fact that the defendant struck Gould?" and that the judge answered, "The answer to both questions is yes, provided the jury also finds that as the result of either or both alleged incidents, first, that they occurred, and secondly, that this was done in an attempt or a threat to cause serious bodily injury to Mr. Gould." Thus, the judge instructed the jury that if they found that appellant "pointed a gun at Gould . . . in . . . a threat to cause serious bodily injury . . .", they could convict him of aggravated assault. This was error.

The Crime Code defines aggravated assault as follows:

(a) Offense defined.–A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or reck-

lessly under circumstances manifesting extreme indifference to the value of human life;

(2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to a police officer making or attempting to make a lawful arrest;

(3) attempts to cause or intentionally or knowingly causes bodily injury to a police officer making or attempting to make a lawful arrest; or

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon.

18 Pa.C.S. § 2702.

The Code defines simple assault as follows:

(a) Offense defined.–A person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

(2) negligently causes bodily injury to another with a deadly weapon; or

(3) attempts by physical menace to put another in fear of imminent serious bodily injury.

18 Pa.C.S. § 2701.

■ "[P]ointing a gun at Mr. Gould . . . in . . a threat to cause serious bodily injury", could constitute a simple assault as an "attempt[ ] by physical menace to put another in fear of imminent serious bodily injury." 18 Pa.C.S. § 2701(a)(3). *See Commonwealth v. Trowbridge*, 261 Pa.Super. 109, 114, 395 A.2d 1337, 1340 n.8 (1978). It could not, however, constitute an aggravated assault.[7] *Cf. Commonwealth v. Bond*, 261 Pa.Super. 311, 315, 396 A.2d 414, 416 n.2 (1978) (during struggle with victim, defendant's gun clicked several times while it was pointed at victim).

---

7. The jury's verdict that appellant was guilty of an aggravated assault may have been based on the testimony that appellant hit Mr. Gould on the head or face with his revolver. As to whether this action would be sufficient to constitute an aggravated assault, *see Commonwealth v. Alexander*, 477 Pa. 190, 383 A.2d 887 (1978); *Commonwealth v. Benaglio*, 254 Pa.Super. 100, 385 A.2d 544 (1978). Appellant has not argued the sufficiency of the evidence; he has only argued error in the charge.

■ In his opinion filed pursuant to this appeal, the trial judge recognized his error. He refused, however, to grant appellant's motion for a new trial, reasoning that "no prejudice accrued to [appellant] because his sentence for aggravated assault was made concurrent to his sentences on robbery and burglary." Lower Court opinion at p. 9. We find ourselves unable to accept this reasoning. Appellant's criminal record now contains a conviction for aggravated assault. This conviction in itself prejudices him; the fact that he received no extra time in prison because of it does not undo this prejudice. Accordingly, appellant is entitled to a new trial on the aggravated assault charge.

■ In most cases where there has been a trial error, the grant of a new trial covers all of the charges, for the error taints the entire trial, as, for example, where the prosecutor engages in misconduct, or the jury hears some prejudicial evidence, or the judge comments on the accused's culpability. *See e. g. Commonwealth v. Heacock*, 467 Pa. 214, 355 A.2d 828 (1976) (new trial on charges of voluntary manslaughter and assault and battery where there was reference to inadmissible testimony); *Commonwealth v. Lark*, 460 Pa. 399, 333 A.2d 786 (1975) (new trial on charges of robbery and murder because of improper comments by prosecutor). If the trial judge's error in defining aggravated assault tainted the jury's verdicts on the other charges, we should have no choice but to order a new trial on all of the charges. *See United States v. Mathies*, 350 F.2d 963, 967 (3d Cir. 1965) ("the error in admitting the inventory used in obtaining the conviction under Count 1 so pervaded the entire trial that a new trial is required upon Counts 2, 3, 5 and 6."). If, however, the judge's error here did not taint the jury's verdicts on the other charges, there is no need for the new trial on those charges. Thus, in *Clawns v. State*, 179 Md. 644, 22 A.2d 464 (1941), the Maryland Court of Appeals affirmed the trial court's award of a new trial on one count and the denial of a new trial on another count of a multi-count indictment. *And see United States v. Stone*, 282 F.2d 547, 551–53 (2d Cir. 1960) (FRIENDLY, J.) (error on one

count did not affect conviction on second count), *modified per curiam, United States v. Stone*, 291 F.2d 396 (2d Cir. 1961) (there was an additional error that affected the conviction on the second count). In a similar context, our Supreme Court has held that a new trial granted to one of several conspirators need not necessarily entail a new trial for the other conspirators unless the separate treatment of the one would prejudice the others. *Commonwealth v. Bruno*, 324 Pa. 236, 188 A. 320 (1936); *see Commonwealth v. Sindel*, 205 Pa.Super. 355, 208 A.2d 894 (1965) (improper admission of evidence at first trial requires that new trial be granted to both defendants). Very recently, a panel of this court awarded a new trial on some convictions but affirmed as to others where the error that prompted the new trial did not affect the validity of the other convictions. *See Commonwealth v. Anzalone*, 269 Pa.Super. 549, 410 A.2d 838 (1979); *see also Commonwealth v. Boyer*, 216 Pa.Super. 286, 264 A.2d 173 (1970).

Here, we believe that the trial judge's error in defining aggravated assault could not have affected the jury's verdicts on the other charges. With respect to those charges, therefore, the error was harmless. *See generally, Commonwealth v. Holzer*, 480 Pa. 93, 389 A.2d 101 (1978). Accordingly, we shall not disturb the jury's verdicts on those charges but shall grant a new trial limited to the charge of aggravated assault.[8]

Appellant's convictions of robbery, burglary, and conspiracy are affirmed. His conviction of aggravated assault is reversed and a new trial is granted on that charge.

8. So limiting the new trial does not conflict with the established principle that "the grant of a new trial wipes the slate clean of the former trial." *Commonwealth v. Oakes*, 481 Pa. 343, 392 A.2d 1324 (1978) (new decision on suppression motion); *Commonwealth v. Hart*, 479 Pa. 84, 387 A.2d 845 (1978) (court may reconsider prior rulings on admissibility of evidence); *Commonwealth ex rel. Wallace v. Burke*, 158 Pa.Super. 612, 45 A.2d 871 (1946) (new sentencing); *but see Commonwealth v. Dobson*, 486 Pa. 299, 405 A.2d 910 (1979) (plurality opinion). Appellant's new trial does "wipe[ ] the slate clean of the former trial" with respect to the conviction of aggravated assault.