## Commonwealth v. Hargrove

*J. Michael Eakin, Assistant District Attorney,* for Commonwealth.

*Charles D. Daugherty,* for defendant.

SHEELY, *J.,* August 21, 1980—Defendant, Percel Hargrove, Jr., was an inmate in the restricted housing quarters at the State Correctional Institution at White Hill on October 30, 1979 when he and another inmate became involved in an altercation in the institution's exercise yard. As a guard was subduing defendant, he discovered a metal sink stem hidden inside defendant's jumpsuit. The metal piece was approximately eight and one-half inches long with a knob on one end and a pair of undershorts attached to the opposite end. The defendant was charged with possessing a weapon or implement of escape in violation of the Crimes

Code, 18 Pa.C.S.A. §5122, as amended by the Act of December 10, 1974, P.L. 910, sec. 2. Defendant received a jury trial on May 15, 1980 and was found guilty.

Defendant has presented essentially two issues in his post-trial motions.

First, he contends that defendant should have been permitted to cross-examine a corrections officer at the institution to show that defendant was initially punished for possessing contraband but was not charged with possession of a weapon or instrument of escape until three months later. He sought to ask the question to prove that the authorities at White Hill did not believe that the confiscated item was a weapon.

We do not believe that the manner in which the institution's officials initially punished defendant is material to the case or proof that they believed the item confiscated was not a weapon. The exclusion of evidence is a matter for the sound discretion of the trial court: Com. v. Hart, 479 Pa. 84, 387 A. 2d 845 (1978). The exclusion of what was essentially a matter of internal institutional discipline was not an abuse of discretion.

Second, he contends that the evidence was insufficient to support the verdict because the instrument found in his possession was not a weapon as a matter of law.

The test for determining the sufficiency of the evidence is whether the evidence, viewed in the light most favorable to the Commonwealth as the verdict winner, and drawing all reasonable inferences therefrom, is sufficient to prove guilt beyond a reasonable doubt: Com. v. McKee, ____ Pa. Superior Ct. ____, 410 A. 2d 847 (1979). We believe that the Commonwealth has proved beyond a rea-

sonable doubt that defendant unlawfully possessed a weapon or implement of escape. Section 5122(b)(2) of the Crimes Code defines a weapon as any implement "readily capable of lethal use . . ." including a club or "any item which has been modified or adopted so that it can be used as a . . . club."

The Crimes Code makes the mere possession of a weapon by an inmate a punishable offense. It is therefore absurd to suggest that the Commonwealth should have waited until defendant used the item to determine if it was a weapon capable of lethal use. A metal sink stem, like a shard of glass, a metal spoon or even a kitchen knife is not ordinarily a weapon, but in the hands of an inmate, it becomes not only capable of causing, but also likely to cause, death. In this case, defendant testified that he removed the sink stem from his cell, attached the shorts to it and concealed it in his jumpsuit so that he could use it as a weapon. Although defendant never removed the implement from his jumpsuit, by holding the metal stem in his hand and striking with the knobbed end or holding the attached shorts in his hand and swinging the metal stem, he could easily have used the implement as a club. Since defendant admitted that the implement was a weapon, the sole question for the jury was whether it met the Crimes Code definition of an implement readily "capable of lethal use." There was no expert testimony but as a matter of common knowledge the jury could reasonably conclude that an eight and one-half inch long heavy metal sink stem could be used to club a person to death. Based upon defendant's own testimony that he created the implement to use as a weapon and the jury's observation of the implement and the reasonable inferences drawn therefrom, there was sufficient evidence to support the guilty verdict.

## ORDER

And now, August 21, 1980, in accordance with the opinion filed this date, defendant's post-trial motions are denied.

The probation office is hereby directed to prepare a presentence investigation report and upon receipt of same by the court, defendant is directed to appear for sentence at the call of the district attorney.