462 A.2d 662

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Leonard F. LOBIONDO, Appellant.**

Supreme Court of Pennsylvania.

Argued April 25, 1983.

Decided July 8, 1983.

Norman A. Oshtry, Judith S. Eden, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Steven Cooperstein, Goele McLaughlin Barthold, Asst. Dist. Attys., for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

OPINION

McDERMOTT, Justice.

Appellant, Leonard Lobiondo, was convicted of simple assault and possessing an instrument of crime, following a non-jury trial in the Court of Common Pleas of Philadelphia. The court en banc granted appellant's post verdict motion for arrest of judgment with respect to the possession of an instrument conviction. However, they denied his post verdict motions with respect to the simple assault conviction. On January 8, 1979, appellant was sentenced to two years probation and ordered to pay restitution in the amount of $4,435.75, the amount of the victim's medical expenses.

On appeal, the Superior Court affirmed in a two to one decision,[1] Eagen, C.J., dissenting.[2] Although the majority held that the trial judge had incorrectly defined the standard of care to be applied, they affirmed the conviction on the grounds that there existed an otherwise proper basis for it. They also held that the order for restitution was proper. Appellant petitioned this court for review, and we granted allocatur.

Appellant was convicted of simple assault under 18 Pa.C.S.A. § 2701(a)(2). That section provides:

§ 2701. SIMPLE ASSAULT

(a) Offense defined—A person is guilty of assault if he:

. . . .

(2) negligently causes bodily injury to another with a deadly weapon;

The question raised in this appeal is whether the trial judge applied the proper standard of care in adjudging appellant's conduct to be negligent.

For purposes of the Crimes Code, the legislature has defined negligence in Section 302(b)(4), 18 Pa.C.S.A. § 302(b)(4):

1. The Superior Court Order is reported at 288 Pa.Super. 618, 428 A.2d 693 (1981).

2. Former Chief Justice Michael J. Eagen of the Supreme Court was sitting by designation.

A person acts negligently with respect to a material element of an offense when he should be aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that the actor's failure to perceive it, considering the nature and intent of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation.

Appellant asserts that this definition is tantamount to requiring a finding of gross negligence before one can be guilty of criminal negligence.

When called upon to interpret statutory provisions, we are guided by well established principles of statutory construction. *See* Statutory Construction Act of 1972, 1 Pa.C.S.A. § 1501 *et seq.* Act of December 6, 1972, No. 290 § 3. A statute must be construed if possible to give effect to all of its provisions. *Commonwealth v. Pope,* 455 Pa. 384, 317 A.2d 887 (1974); *Commonwealth v. McHugh,* 406 Pa. 566, 178 A.2d 556 (1962). It is presumed that every word, sentence or provision of a statute is intended for some purpose and accordingly must be given effect; and if a statute contains its own definitions, the meaning of a term as defined at common law, or as construed under prior statutes is not controlling. *See Commonwealth v. Sitkin's Junk Co.,* 412 Pa. 132, 194 A.2d 199 (1963). Finally, we note that sections of the criminal code are necessarily interrelated, and should be read and construed as an entirety. *Cf. Commonwealth v. Johnson,* 368 Pa. 139, 81 A.2d 569 (1951) (regarding The Penal Code of 1939.) Thus we may look to other sections of the Crimes Code as an aid in construing Section 2701(a)(2).

The Legislature has defined four "kinds of culpability" which form the basis of liability under the Crimes Code. *See* 18 Pa.C.S.A. § 302(b). The lowest degree of culpability is "negligently", the definition of which we set out above. The next lowest degree is "recklessly" which is defined thusly:

A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S.A. § 302(b)(3).

This distinction between "negligently", 18 Pa.C.S.A. § 302(b)(4), and "recklessly", 18 Pa.C.S.A. § 302(b)(3), is significant for our purposes, since it is the latter definition which encompasses gross negligence. This is apparent when we examine an offense in which recklessness is the required degree of culpability.

The offense of involuntary manslaughter is set out in Section 2504, 18 Pa.C.S.A. § 2504. That section provides:

§ 2504. INVOLUNTARY MANSLAUGHTER.

(a) General rule.—A person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, he causes the death of another person.

In this section the legislature has apparently equated recklessness with acting in a "grossly negligent manner." At a minimum they have drawn a distinction between negligence and gross negligence. Thus by refusing to include gross negligence in Section 2701(a)(2), the legislature obviously intended less than that as the required degree of culpability. We can not and will not alter this legislative judgment by judicially engrafting gross negligence into that section.[3]

---

**3.** Appellant has suggested that there may be a due process violation in declaring less than grossly negligent conduct as criminal. We have previously held that there is no constitutional violation in finding a person criminally liable for actions which fall below the level of gross negligence. *See Commonwealth v. Field,* 490 Pa. 519, 417 A.2d 160 (1980); *Commonwealth v. Koch,* 297 Pa.Super. 350, 443 A.2d 1157 (1982). *See also Commonwealth v. Aurick,* 342 Pa. 282, 19 A.2d 920 (1941).

██ In light of the above discussion, we now must determine whether the trial judge erred in applying the criminal negligence standard to the facts of this case. Appellant's argument rests solely on a statement contained in the trial judge's opinion,[4] in which she attempted to explain the standard to be applied. In her opinion, the trial judge stated:

"A 'reasonable person' recognizes that anytime he or she handles a firearm there is some possibility that it will accidentally fire and injure someone. Since any gun is a deadly weapon, one must handle it with utmost care. Any deviation from this high standard amounts to negligence." (Trial Court Opinion p. 8)

These remarks followed a recital of the statutory definition of negligence discussed above, 18 Pa.C.S.A. § 302(b)(4) (Trial Court Opinion p. 7); and were made in the context of applying that definition to the facts of this case.

Appellant's argument is based on the discrepancy between the trial judge's statement that "(A)ny deviation from this high standard amounts to negligence."; and the statutory language that "[T]he risk must be of such a nature and degree that the actor's failure to perceive it, . . . involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation." Such a focus is too narrow, for it takes the trial judge's statement out of context.

---

**4.** This opinion, written more than a year after the conviction, was filed pursuant to Pa.R.A.P. 1925(a), which provides:

> Rule 1925. Opinion in Support of Order
>
> (a) General rule. Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found.

Such an opinion is intended as an aid to the reviewing appellate court and cannot alter a previously entered verdict. *Commonwealth v. Dunn,* 478 Pa. 35, 41, 385 A.2d 1299, 1301 (1978). (Per Manderino, J., with one justice concurring and three justices concurring in the result.)

As noted above, the challenged statement was preceded by the concomitant statement, "(S)ince any gun is a deadly weapon one must handle it with utmost care." Both statements were intended to be read together; and when so read, they are not inconsistent with the statutory language of 18 Pa.C.S.A. § 302(b)(4).

In determining whether a person's actions constitute criminal negligence one must obviously consider the entire situation; and we hold that the determination whether those actions qualify as a "gross deviation" within the meaning of the statute, can depend upon the nature of the standard applicable to a given situation. Cf. *Kuhns v. Brugger,* 390 Pa. 331, 135 A.2d 395 (1957) (civil action in which Court discussed the high standard of care applicable to the handling of firearms). *See also* Prosser, Torts §§ 31, 33 (4th ed. 1971). This is the type of analysis which was employed by the trial judge, and we see no error in her approach.

In so holding we wish to reiterate that the statement relied upon by appellant was made in the context of applying the statutory definition to the facts of this case. The mere paraphrasing of the statutory language cannot negate the fact the trial judge applied the proper statutory definition, and that her analysis was consistent therewith.[5] Furthermore, our review of the record indicates that the evidence adduced at trial was sufficient to sustain appellant's conviction. *See Commonwealth v. Savage,* 275 Pa.Super. 96, 418 A.2d 629 (1980). *Cf. Commonwealth v. Young,* 494 Pa. 224, 431 A.2d 230 (1981) (knowingly pointing loaded gun would be sufficient to sustain finding of gross recklessness).

---

**5.** Under 18 Pa.C.S.A. § 302(b)(4), the primary inquiry is whether a defendant "should be aware of a substantial or unjustifiable risk that the material element (in this case injury from a deadly weapon) exists or will result from his conduct." This aspect was specifically addressed by the trial judge in her conclusion that defendant "knew or should have known that his pointing of a loaded pistol at James Sutherland created a substantial risk of injury to that man." (Trial Court Opinion p. 9)

We therefore affirm the order of the Superior Court.[6]

ROBERTS, C.J., files a concurring opinion.

ROBERTS, Chief Justice, concurring.

Appellant's claim, that the trial judge found appellant guilty of simple assault on the basis of a standard of negligence less than the gross negligence standard necessary to sustain a charge of simple assault, rests on a reading of only an isolated portion of the trial judge's opinion in support of the verdict. After stating that appellant was obliged to handle the gun used in the shooting "with utmost care," the trial judge found that

"[appellant] knew the gun was loaded when he reached for it and pointed it at the complainant. In addition, the defendant knew that he was handling a weapon that did not have a safety mechanism. Also, the defendant was not familiar with this particular firearm because he had owned it for just a few weeks and had never used it before the night he shot James Sutherland."

These facts clearly constitute "a gross deviation from the standard of care that a reasonable person would observe in the actor's situation." 18 Pa.C.S. § 302(b)(4).

Because the record is clear that the trial judge found facts sufficient to establish appellant's gross negligence, it is unnecessary for the majority to discuss whether the verdict could be sustained if less than gross negligence were found.

6. The Superior Court also considered a second issue raised by appellant: the validity of the award of restitution. Appellant's counsel raised this issue in his allocatur petition and attempted to raise it at oral argument. However, this issue was never briefed and the Commonwealth argued that it was consequently waived. We agree with the Commonwealth that the failure to brief this issue constitutes a waiver. See Pa.R.A.P. 2101; 2116. Were we to address this issue however, we see no error in the rationale employed by the Superior Court. See Commonwealth v. Kerr, 298 Pa.Super. 257, 444 A.2d 758 (1982); Commonwealth v. Erb, 286 Pa.Super. 65, 428 A.2d 574 (1981); Commonwealth v. Fuqua, 267 Pa.Super. 504, 407 A.2d 24 (1979).