520 A.2d 1372

COMMONWEALTH of Pennsylvania, Appellee,

v.

Donald HENDERSON, Appellant.

Supreme Court of Pennsylvania.

Submitted Oct. 22, 1986.

Filed Feb. 13, 1987.

Silvio Modafferi, for appellant.

Gaele McLaughlin Barthold, Deputy Dist. Atty., Ronald Eisenberg, Chief, Appeals Div., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

McDERMOTT, Justice.

The question presented by this case obtains in the following salient facts. Appellant was arrested while fleeing with the purse of an eighty year old woman who was seriously injured when the purse was snatched from her. Prior to his first trial appellant moved the court to exclude from trial the victim's identifications of him and an inculpatory remark that he made to the police. The court, following a suppression hearing, denied his motion and allowed the evidence to be admitted at trial. At this trial the jury was unable to agree on a verdict. A mistrial was declared and a new trial ordered.

At the inception of his retrial appellant renewed his motion to suppress the evidence of the identifications and statement. The court denied his motion without a hearing on the grounds that the issues it presented had already been litigated, and that he failed to allege the existence of any new evidence that would have justified reconsideration.

On retrial appellant was convicted by a jury on charges of aggravated assault and robbery. Following denial of post-trial motions the court sentenced him to imprisonment for a period of seven to twenty years.

Appellant appealed to the Superior Court, arguing that there was insufficient evidence to support his conviction, and that the denial of a new suppression hearing was a denial of his trial rights as guaranteed by the Constitutions of the United States and this Commonwealth.

A panel of the Superior Court affirmed the judgment of the court of common pleas in a memorandum opinion, 349 Pa.Super. 616, 503 A.2d 48. We granted appellant leave to appeal on a single issue: i.e., whether a defendant on retrial, who asserts no error or new evidence regarding a previously litigated suppression motion, is entitled to a rehearing of the same issues as part of his second trial.

We note at the outset that appellant cites no authority to support his contention that defendant at retrial has a constitutional right to relitigate suppression issues which have been previously resolved. Instead, he relies on *Commonwealth v. Hart*, 479 Pa. 84, 387 A.2d 845 (1978), wherein we held that the parties at a second trial are entitled to reexamination of evidentiary rulings made during the course of a first *trial. Id.* (emphasis added). *See also Commonwealth v. Oakes*, 481 Pa. 343, 392 A.2d 1324 (1978). His reliance is misplaced.

It is beyond peradventure that a pre-trial suppression hearing is not part of the trial. *Commonwealth v. Harmon*, 469 Pa. 490, 366 A.2d 895 (1976). Thus, our decision in *Hart, supra,* that on retrial all prior trial evidentiary rulings are nugatory, is not dispositive on the question of pre-trial proceedings.

Recently, we discussed the effect of collateral estoppel on pre-trial suppression decisions. In *Commonwealth v. Lagana*, 510 Pa. 477, 509 A.2d 863 (1985), we held that prior suppression court decisions could be given collateral estoppel effect, unless the person against whom the decision was rendered alleged new evidence not previously available. We also held that if the suppression ruling from the first proceeding is deemed binding, it becomes part of the record ·of the second proceeding, and therefore subject to appellate review.

A similar analysis can be employed in this case. Prior to retrial appellant made a request for a new suppression hearing. However, he alleged no new evidence; nor did he assert any legal basis for his claim. The trial judge correctly denied his claim, and though he was operating without benefit of our decision in *Lagana, id.*, the judge gave collateral estoppel effect to the prior suppression court decision.

On this record, with no allegation of new evidence, we find no error in this decision.[1]

Accordingly, for the above stated reasons, we affirm the order of the Superior Court.

<hr>

1. We note that on appeal from his ultimate conviction appellant never even argued that the original suppression hearing ruling was erroneous.