J-S51039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL PURVIS, | |
| Appellant | No. 2423 EDA 2014 |

Appeal from the Judgment of Sentence March 26, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0006879-2009

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:　　　　　　　　　**FILED SEPTEMBER 11, 2015**

Appellant, Michael Purvis, appeals from the judgment of sentence imposed after a jury convicted him of murder of the first degree,[1] carrying a firearm without a license,[2] and possessing instruments of crime.[3]  Appellant challenges the weight and sufficiency of the evidence as well as various evidentiary rulings.  None of his claims merit relief.  Accordingly, we affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  (**See** Trial Court Opinion,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2502(a).

[2] 18 Pa.C.S.A. § 6106.

[3] 18 Pa.C.S.A. § 907.

12/08/14, at 2-12). Therefore, we have no reason to restate them at length here.

For convenience of reference, we note briefly that the victim, Samir Thomas, was shot in the head as he stepped off a bus in Philadelphia around 2:10 P.M. on August 28, 2008. As Mr. Thomas lay on the ground, Appellant shot him three more times. The shots penetrated his lung, spine, hemidiaphragm[4] and liver. All four shots were fatal. Emergency medical technicians rushed the victim to Temple University Hospital but he was pronounced dead at 2:59 P.M.

Two passengers on the bus and several acquaintances who saw Appellant in the immediate aftermath of the murder soon gave inculpatory written statements to the police. However, after various intimidations, direct threats, and in one instance, a prison stabbing, most became very reluctant witnesses and recanted. At trial, they claimed memory loss, or denied identifying Appellant as the shooter altogether. One witness even became romantically involved with Appellant. They would not make an in-court-identification. Their previous statements to the police were read into the trial record.

---

[4] Hemidiaphragm: Half of the diaphragm, the muscle that separates the chest cavity from the abdomen and that serves as the main muscle of respiration. **See** Dictionary *MedicineNet.com*.

Appellant objects on appeal to the introduction into evidence of a photograph of him from a PennDOT website (his driver's license photograph) dated May 3, 2008 showing him clean-shaven. The photograph was offered to refute testimony that at the time of the murder he had a goatee or other facial hair.

This was Appellant's third trial. The jury was unable to reach a verdict in the previous two. On appeal, Appellant complains, *inter alia*, that the new judge presiding over the third trial (in 2014) declined to permit him to display his tattoos (offered to refute the original identifications, which apparently did not mention tattoos) to the jury. Appellant argues that the evidentiary rulings in the previous two trials, permitting display of the tattoos, "became the law of the case." (Appellant's Brief, at 25). Also at trial, Appellant sought to question witnesses about their testimony in other unrelated murder trials. The court limited this questioning.

In this appeal, Appellant presents twelve issues, framed as five questions, for our review:

> I. Whether the adjudication of guilt is against the weight of the evidence and shocking to one's sense of justice for the following reasons:
>
> > a. there was no physical evidence linking the defendant to the murder;
> >
> > b. there was non-existent and implausible evidence of a motive;

c. there was no evidence that the Appellant was associated with, had contact with, had any ill will towards or had knowledge of the location of the victim;

d. the photo identifications were suggestive, tentative, implausible, suspect and possessed all of the characteristics warranting that they be viewed with extreme caution;

e. there was no identification of the Appellant in the courtroom;

f. the physical descriptions of the shooter made by identification witnesses did not match the physical characteristics of the Appellant;

g. the witnesses testifying against the Appellant were admitted fabricators of evidence, had obvious motives to fabricate and their statements to police contained contradictions that could not be logically reconciled; and

h. the police made false assumptions and failed to follow up on leads that pointed to a different explanation for the murder.

II. Whether the Appellant's conviction for Murder in the First Degree is based upon insufficient evidence where the circumstantial inferences are illogical[?]

III. Whether the [c]ourt erred when it would not permit the Appellant to display his tattoos to the jury as had been permitted in his first two trials because the rulings permitting the Appellant to display his tattoos became the law of the case[?]

IV. Whether the [c]ourt erred when it denied the Appellant the opportunity to cross examine Commonwealth witnesses Derrick Williams, Zikia Taylor and Kelly Williams in detail about the particular facts pertaining to the other murders they gave statements about and pertaining to their participation therein[?].

V. Whether the [c]ourt erred when it admitted into evidence a photograph of the Appellant purportedly taken in May

of 2008 by PENNDOT without reliable evidence that the photograph was actually taken in May of 2008[?]

(Appellant's Brief, at 6-7) (some capitalization omitted).

Preliminarily, we note that the Commonwealth argues that Appellant has waived his fourth claim, challenging the trial court's ruling limiting the questioning of witnesses about other unrelated murders. (*See* Commonwealth's Brief, at 19-21). Appellant argues that the law of the case doctrine controls. (*See* Appellant's Brief, at 27-28). The Commonwealth argues that Appellant's issue is undeveloped and meritless. (*See* Commonwealth's Brief, at 19-21). On independent review, we agree.

With one solitary exception, Appellant fails to develop an argument or support his claim with any authority whatsoever. (*See* Appellant's Brief, at 27-28). In the single exception, *Commonwealth v. Paddy*, 800 A.2d 294, 311 (Pa. 2002), Appellant quotes our Supreme Court out of context, and, ignores or simply disregards, the controlling exception, which applies to this case. (*See id.* at 27). We quote the paragraph in full for clarity:

> In addition, Paddy's reliance on the law of the case doctrine is **misplaced**. The core of the doctrine is that a court acting at a later stage of a case should not reopen questions decided at an earlier stage by another judge of the same court or by a higher court. *See Commonwealth v. Starr*, 541 Pa. 564, 574, 664 A.2d 1326, 1331 (1995). **Because the grant of a new trial "wipes the slate clean,"** *see Commonwealth v. Mulholland*, 549 Pa. 634, 652, 702 A.2d 1027, 1035–36 (1997), so that **a previous court's ruling on the admissibility of evidence generally does not bind a new court upon retrial**, *see Commonwealth v. Hart*, 479 Pa. 84, 86, 387 A.2d 845, 847 (1978), it is not evident that the doctrine applies in the present procedural context.

***Paddy***, ***supra*** at 311 (emphases added).

Appellant's claims are waived and meritless.

On the remaining claims, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court, we conclude that there is no merit to any of the issues Appellant has raised on appeal. The trial court opinion properly disposes of the questions presented. (***See*** Trial Court Opinion, 12/08/14, at 13-21) (concluding that: (1) the trial court properly determined that the verdict was not against the weight of the evidence, the physical evidence corroborated the Commonwealth witnesses' testimony, the Commonwealth was not required to prove motive, and the direct and circumstantial evidence against Appellant was overwhelming; (2) viewed in the light most favorable to the Commonwealth as verdict winner, the evidence was clearly sufficient to support Appellant's conviction; (3) Appellant waived objection to ruling prohibiting him from displaying his tattoos, and in any event trial court was not bound by "the law of the case" on evidentiary rulings at re-trial; (4) Appellant waived claim, by failure to make timely, specific objection to trial court, and court properly admitted Appellant's PennDOT [driver's license] photo, along with other photos of Appellant). Accordingly, in addition to our own conclusions, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/11/2015