**COMMONWEALTH of Pennsylvania**

v.

**ASSORTED CONSUMER FIREWORKS and One (1) Hewlett–Packard Tower Computer and Commonwealth of Pennsylvania**

v.

**Bruce W. Niles, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 24, 2010.
Decided March 17, 2011.

of law by not reaching the substantive merits

of Janeway's bid protest.

Bruce W. Niles, pro se, for appellant.

Andrea F. McKenna, Sr. Deputy Attorney General, Harrisburg, for appellee.

OPINION

PER CURIAM.

Bruce W. Niles, *pro se*, appeals an order of the Court of Common Pleas of the 37th Judicial District of Pennsylvania, Warren County Branch (trial court), ordering the forfeiture of consumer grade fireworks and a computer. The forfeiture resulted from Niles' offer to sell fireworks without a license, which violated the act herein called the Fireworks Act, Act of May 15, 1939, P.L. 134, *as amended*, 35 P.S. §§ 1271–1278. The trial court ordered the seized items forfeited as derivative contraband. Discerning no error in that order, we will affirm.

Niles is the owner of Niles Fireworks, a fireworks store he operates out of a barn on his property in Farmington Township, Warren County. The Pennsylvania State Police investigated Niles' retail operation when it learned that he was selling consumer grade fireworks, which are those

used in public displays.[1] The sale of consumer grade fireworks requires a license, and Niles was not licensed.

Trooper Eric Rogers visited Niles' store and observed numerous fireworks displayed on tables with prices next to each item; additional stock was stored under the tables. Rogers asked Niles about purchasing fireworks for a neighborhood get-together and was told by Niles that he could put together a "nice display" for $500. *See* Notes of Testimony, 3/26/10 at 61 (N.T. ——) Niles proceeded to show Rogers the consumer grade fireworks that were available for sale, so long as Rogers provided him with out-of-state identification. When Rogers stated that he was a resident of New York but did not have identification, Niles declined to make the sale.

Based upon Rogers' report, the State Police obtained a search warrant. On June 28, 2007, the state police executed the warrant, accompanied by Kenneth Shelhamer from the Department of Agriculture, who advised the police about which fireworks should be confiscated. The police seized over 299 items, including fireworks, customer lists, brochures, a cash-register, and a Hewlett–Packard computer. The computer contained price lists dated February 5, April 18, and May 16, 2007, as well as promotional materials.

Niles was charged, criminally, with violating Section 4.3 of the Fireworks Act, which prohibits the sale of "consumer fireworks" without a license. 35 P.S. § 1275.3.[2] In his defense, Niles argued that he did not need a license because he did not sell fireworks to Pennsylvania residents.[3] Notwithstanding this defense, Niles was convicted; he was sentenced to one year probation and ordered to pay costs and restitution in the amount of $1,570. Certified Record at 120 (C.R. ——). Niles appealed, and the Superior Court affirmed his conviction. *Commonwealth v. Niles*, 990 A.2d 50 (Pa.Super., No. 1681 WDA 2008, filed December 30, 2009). The Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Niles*, 998 A.2d 960 (Pa., No. 48 WAL 2010, filed July 20, 2010).

While Niles' petition for allowance of appeal to the Supreme Court was pending, the Commonwealth filed a petition for forfeiture of the fireworks and computer that were seized during the search of Niles' business in June 2007. In his answer, Niles argued, *inter alia*, that the Commonwealth's criminal charges were unfounded

---

1. Section 1 of the Fireworks Act defines "consumer fireworks" as:

> Any combustible or explosive composition or any substance or combination of substances intended to produce visible and/or audible effects by combustion and which is suitable for use by the public that complies with the construction, performance, composition and labeling requirements promulgated by the Consumer Products Safety Commission ... and ... the provisions for "consumer fireworks" as defined [by] the American Pyrotechnics Association....

35 P.S. § 1271. Section 1 specifically excludes "novelty items," which are defined under the Act as " 'ground and hand-held sparkling devices,' 'novelties' and 'toy caps.' " *Id.*

2. Section 4.3 of the Fireworks Act was added by Section 5 of the Act of November 30, 2004, P.L. 1598. It provides, in relevant part, that "[c]onsumer fireworks shall be sold only from facilities that are licensed by the Department of Agriculture." 35 P.S. § 1275.3.

3. Niles raised other defenses that were unsuccessful. For example, Niles argued he was his own sovereign since he had a federal land patent for his land; the person named in the proceedings, BRUCE W. NILES, was a fictitious name and, therefore, he was not the person named in the case; and the Fireworks Act did not apply to him because it was binding on administrative agencies, not individuals, unless they consented to be governed by it.

and that it was improper for the Commonwealth to proceed with the forfeiture action until he had exhausted his criminal appeals.[4]

The trial court conducted a forfeiture hearing on March 26, 2010. The Commonwealth called three witnesses: Trooper Edward Dorunda, Trooper Eric Rogers and Kenneth Shelhamer. All three of the Commonwealth's witnesses testified that Niles Fireworks was a retail outlet for the sale of consumer grade fireworks. Specifically, the witnesses stated that in the barn they found a cash register,[5] a photo copier, brochures and other promotional material and fireworks displayed on shelves with prices. Dorunda and Shelhamer testified that Niles Fireworks had been advertising online and on billboards in Warren County for some time.

Shelhamer also testified about his prior discussions with Niles. He explained that he had repeatedly advised Niles prior to his arrest that he needed a license to sell consumer fireworks. Each time, Niles responded that he did not need a license because he was selling fireworks only to out-of-state residents, and each time Shelhamer told Niles that he needed a license, regardless of where the buyer lived. Shelhamer acknowledged that the Act does not require a license to sell "novelties" like sparklers, smoke bombs and ground-based items. However, he explained that a license is needed to sell larger "consumer fireworks" like mortars and roman candles. Shelhamer testified that he confiscated consumer fireworks found on Niles' property and left behind the novelty items.[6]

The trial court granted the Commonwealth's petition and ordered the forfeiture of the fireworks and computer. The trial court held that the fireworks were properly seized as derivative contraband since they were offered for sale without a license in violation of the Fireworks Act. The trial court also found a sufficient nexus between Niles' illegal acts and the computer. Niles now appeals to this Court.[7]

On appeal, Niles raises three issues. First, Niles argues that the trial court erred by not addressing the issues from his criminal trial that he believes are unresolved. Second, Niles contends that it was improper for the trial court to conduct forfeiture proceedings while his appeal of the criminal conviction was still pending. Third, Niles asserts that the Commonwealth did not prove that he made any actual sales, to Rogers or others, of fireworks and, thus, did not prove a violation of the Fireworks Act.

■ We begin with Niles' argument that the trial court was required to address issues from his criminal trial that he

---

4. Niles raised additional claims in his response, such as he was a victim of theft because the Commonwealth "stole" the fireworks; the Commonwealth was under contract for the items seized and was now a "lien debtor;" and the Commonwealth owed him $265,000 in reimbursement for the confiscated fireworks.

5. At trial, Niles contended that the "cash register" was more appropriately classified as an "adding machine." *See* N.T. 46. Regardless of the nomenclature used, the device was used to calculate the cost of items to determine the sales price.

6. Shelhamer estimated the fireworks confiscated had a retail value between $45,000 and $60,000 and a wholesale value between $10,000 and $15,000. N.T. 90.

7. Our review of a forfeiture proceeding is limited to determining whether the trial court abused its discretion, committed an error of law, or made findings not supported by competent evidence. *Commonwealth v. Funds in Merrill Lynch Account*, 937 A.2d 595, 598 n. 3 (Pa.Cmwlth.2007).

believed were unresolved.[8] This argument lacks merit. In conducting the civil forfeiture proceeding the trial court lacked jurisdiction to decide anything relating to Niles' criminal proceeding. The time for Niles to raise those issues was in his direct appeal to the Superior Court, or in a petition under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546. Indeed, Niles did raise these contentions, and they were rejected.[9] In short, the trial court properly declined to consider issues relating to Niles' criminal trial in the course of the forfeiture proceeding.

 Next, Niles contends that it was improper for the trial court to conduct a forfeiture proceeding while his criminal appeal was pending. Niles is wrong. Forfeiture is a civil consequence of violating a criminal statute. *Commonwealth v. 542 Ontario Street, Bethlehem, Pa.*, 989 A.2d 411, 417 (Pa.Cmwlth.2010). As such, property is forfeited *not* as a result of a criminal conviction but in a separate civil proceeding. There are two classifications of contraband subject to forfeiture: contraband *per se* and derivative contraband. Contraband *per se* is property the mere possession of which is prohibited, such as heroin. Derivative contraband is property

innocent by itself, but used in the perpetration of an unlawful act, such as a truck used to transport illicit goods. *Commonwealth v. Fassnacht*, 246 Pa.Super. 42, 369 A.2d 800, 802 (1977) (citations omitted). In a civil forfeiture proceeding the Commonwealth's burden of proof is *by a preponderance of the evidence.*[10] *542 Ontario Street*, 989 A.2d at 417. In sum, there need not be a criminal conviction in order to sustain a forfeiture, and Niles' effort to link the forfeiture proceeding to his criminal appeal lacks merit.

 Finally, Niles argues that the Commonwealth did not satisfy its burden of proof because it did not produce any evidence of a sale of consumer fireworks. Niles also contends that the trial court did not understand the difference between legal and illegal fireworks.

Section 4.3 of the Fireworks Act provides that "consumer fireworks" may be sold only from facilities licensed by the Department of Agriculture. 35 P.S. § 1275.3. The Fireworks Act establishes numerous standards for the licensing and operation of one selling consumer fireworks. *See* Sections 4.3 and 4.5 of the Fireworks Act, 35 P.S. §§ 1275.3, 1275.5.[11]

8. Niles contends that, in his criminal trial, the court erred by not addressing his contentions that (1) the court lacked jurisdiction over him because he has a federal land patent for his land; (2) the court lacked jurisdiction over him because he conducted business wholly in interstate commerce; (3) the trial court judge, who was a defendant in another action by Niles, should have recused himself; (4) the court erred by not addressing his so-called "abatements;" (5) his counsel in the criminal matter was ineffective; and (6) the Commonwealth agreed that it had no jurisdiction to sue him since it did not respond to a document he titled an "affidavit."

9. The Superior Court, in its memorandum opinion, addressed all of Niles' arguments and found them to be either waived or without merit. The Supreme Court denied alloca-

tur. The criminal issues have been resolved. Niles did not file a Petition for Post Conviction Relief.

10. A preponderance of the evidence standard, the lowest evidentiary standard, is tantamount to a "more likely than not" inquiry. *See Commonwealth v. $6,425 Seized from Esquilin*, 583 Pa. 544, 555, 880 A.2d 523, 529 (2005).

11. Section 4.3 of the Act requires that the facility (1) comply with the Pennsylvania Construction Code, Act of November 10, 1999, P.L. 491, *as amended* 35 P.S. §§ 7210.101–7210.107; (2) be in a stand-alone building no larger than 12,000 square feet; (3) separate wholesale and retail areas of the store by an "appropriately rated fire separation[;]" (4) be

The Fireworks Act does not excuse retailers who sell consumer fireworks to out-of-state residents from the licensing requirement. Section 4 of the Act states that *licensed* facilities may sell consumer fireworks year-round to out-of-state residents, if they meet certain recordkeeping requirements. Section 4 of the Fireworks Act, 35 P.S. § 1275.[12] Significantly, Section 7.1 of the Fireworks Act authorizes law enforcement personnel to confiscate consumer fireworks "*offered or exposed for sale,* stored or held in violation of this act." 35 P.S. § 1278 (emphasis added).[13] The operative act is having fireworks "offered" or "exposed" for sale, without regard to the residency of the buyer or whether an actual sale is made.

■ In a civil forfeiture proceeding the Commonwealth must establish by a preponderance of the evidence a nexus between the property seized and illegal activity. As such, the Commonwealth had to show that it was more likely than not that Niles was selling consumer fireworks without a license. The Commonwealth was not required to prove that Niles actually made a sale to Rogers. Niles' offer to sell was sufficient, and Rogers credibly testified that such an offer was made. The Commonwealth also introduced evidence that Niles was conducting a retail sales operation, including testimony that the consumer grade fireworks on display had prices affixed and that a cash register and promotional materials were present. Thus, the Commonwealth established a nexus between the illegal act, *i.e.,* selling consumer fireworks without a license, and the property seized, consumer fireworks. Under the express wording of the Fireworks Act, a license is required to sell consumer fireworks, regardless of whether they are being sold to Pennsylvania or out-of-state residents, if the sale closes in Pennsylvania. Because Niles was selling consumer fireworks without a license, those fireworks were properly forfeited as derivative contraband.

■ The trial court also properly ordered the forfeiture of Niles' computer.

no closer than 250 feet from a facility selling or dispensing gasoline, propane, or other flammable products; (5) be no closer than 250 feet to another facility licensed to sell consumer fireworks; (6) have monitored burglar and fire alarms; and (7) hold quarterly fire drills. 35 P.S. § 1275.3. Similarly, Section 4.5 requires licensed fireworks facilities to operate according to various rules. These rules require licensees to: (1) have a security guard on premises for the seven days preceding July 4th and the three days preceding January 2nd; (2) not permit smoking at the facility; (3) prohibit tobacco products and flame-producing devices from being taken into the facility; (4) not allow minors in the facility unless they are accompanied at all times by an adult; (5) carry two million dollars in public and product liability insurance; (6) provide employees with operational safety training and provide documentation of this training to the Department of Agriculture; (7) not have display fireworks stored or located at the facility; (8) not allow people who appear intoxicated to enter the facility, nor allow alcoholic beverages to be brought into the facility; (9) not ignite consumer fireworks or display fireworks within 300 feet of the facility; and (10) conspicuously post evacuation plans throughout the facility. 35 P.S. § 1275.5.

12. Section 4 provides, in relevant part:

Nothing in this act shall be construed to prohibit any *licensed* facility from selling any consumer fireworks or the year-round sale of any kind of consumer fireworks to out-of-State residents whose status is verified to the *licensee,* provided the *licensee* retains proof of such status and produces it for review upon request of the Department of Agriculture and provided the same are to be transported directly out of state by the seller or purchaser.
35 P.S. § 1275 (emphasis added).

13. Section 7.1 of the Act was added by Section 8 of the Act of November 30, 2004, P.L. 1598, 35 P.S. § 1278.

The uncontradicted testimony of the Commonwealth's witnesses established that the computer contained price lists for the consumer fireworks that were created only months before the State Police executed the search warrant. The computer also contained promotional materials for Niles' fireworks business. Thus, the trial court was correct in holding the Commonwealth established the requisite nexus between the computer and the illegal sale of consumer fireworks.

For these reasons, the order of the trial court is affirmed.

### ORDER

AND NOW, this 17th day of March, 2011, the order of the Court of Common Pleas of the 37th Judicial District of Pennsylvania, Warren County Branch, dated March 29, 2010, in the above-captioned matter is hereby AFFIRMED.