J. S33014/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                                       :            PENNSYLVANIA
                v.                :
                                         :
TROY GILLIS,                     :         No. 774 EDA 2014
                                         :
              Appellant     :

Appeal from the Judgment of Sentence, February 7, 2014,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0002924-2013

BEFORE:  FORD ELLIOTT, P.J.E. DONOHUE AND LAZARUS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED JULY 10, 2015**

Troy Gillis appeals from the judgment of sentence of February 7, 2014, following his conviction of aggravated assault -- attempt to cause serious bodily injury, and carrying a firearm without a license in violation of the Uniform Firearms Act ("VUFA").  We affirm.

The trial court has aptly summarized the facts of this matter as follows:

> The evidence admitted at trial established that on January 28, 2013, Appellant fired a semi-automatic handgun at the complainant, Eric Santiago, at the corner of Luzerne and Glendale streets.  The shooting stems from an earlier disagreement between Appellant and Mr. Santiago. Appellant sought to purchase Mr. Santiago's pit bull for dog fighting; however, Mr. Santiago was not prepared to make the sale.  During their conversation, Appellant accused Mr. Santiago of using PCP and threatened him saying:  "Don't

disrespect me. I'll bust you in your fucking mouth with this gun." Throughout their argument, Appellant manipulated the gun he had in his pants pocket; the gun was making a clicking sound. The interaction lasted for approximately five to ten minutes, after which Mr. Santiago returned to his parent's [sic] house.

While there, Mr. Santiago's parents urged him to remain home and not to go back out onto the street. He did not heed this advice, and returned to Glendale Street to visit his girlfriend. As Mr. Santiago walked, he observed Appellant standing outside in all black clothing. Mr. Santiago laughed, and told Appellant that he resembled Count Dracula. Afterwards, Mr. Santiago walked to Sam's Deli located on the corner of Luzerne and Glendale. [Footnote 2] Appellant and his brother were calling out "where is 'E'?" (Mr. Santiago's nickname). Appellant and his brother approached Mr. Santiago and were standing less than three feet away from him. Appellant was holding a silver, semi-automatic pistol. Appellant grabbed Mr. Santiago around the shoulder with his left arm. As Appellant raised the gun and pointed it at Mr. Santiago, Santiago pushed the gun down, turned, and ran in the opposite direction. As he fled, Mr. Santiago heard a gunshot behind him. He immediately ran to his parent's [sic] house, where he sought refuge.

> [Footnote 2] The street address for Sam's Deli is 1344 East Luzerne Street, Philadelphia, PA 19124.

Officer Maureen Burns and her partner Officer McAdams (first name not given) of the Philadelphia Police Department responded to a radio call for a gun shot at the corner of Luzerne and Glendale. Upon arrival, Officer Burns observed no victims or witnesses at the scene. She then accessed the video surveillance system at Sam's Deli. A review of the video depicted the shooting taking place on the southeast corner of Luzerne and Glendale. Officer Burns recovered a 9 millimeter

fired cartridge case and located a nearby Buick minivan with a bullet hole above the wheel well. The owner of the vehicle was questioned and reported that the damage was not there when he parked the vehicle earlier in the day.

The day after the shooting, Mr. Santiago was standing outside on Luzerne Street. Appellant rode past in a car and made a gun gesture with his hand and said, "I'm going to kill you." Mr. Santiago's parents insisted he report the shooting, against his own inclination. He was also being called a "snitch" and a "rat" by Appellant, threats Mr. Santiago took seriously as he felt such a label endangered his life. Eventually, Mr. Santiago did report the shooting to police and cooperated, positively identifying a photograph of Appellant during interviews with Detective Jeffery Daly.

When Appellant was being taken into custody by police, he was yelling at Mr. Santiago (who was standing across the street on the steps of his girlfriend's house) "You a rat; you a rat. I'm going to blow your house up. Your girl and your kid, I'm going to kill them and blow the house up." Appellant then blew a kiss to Mr. Santiago and smiled.

Additionally, there was a stipulation to the certification from the Commissioner of the Pennsylvania State Police that on January 28, 2013 -- the date of the incident -- Appellant did not have a license to carry a firearm. [Footnote 3]

[Footnote 3] Admitted as Commonwealth's exhibit C-24.

Trial court opinion, 10/3/14 at 2-4 (citations to the transcript omitted).

Following a jury trial held September 11-12, 2013, appellant was found guilty of VUFA and aggravated assault, attempt to cause serious bodily injury. Appellant was found not guilty of attempted murder. On February 7,

2014, appellant received an aggregate sentence of 10½ to 25 years' imprisonment. A timely post-sentence motion was filed on February 14, 2014, and denied on February 18, 2014. This timely appeal followed. Appellant complied with Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed an opinion.[1]

On appeal, appellant raises a single issue, challenging the sufficiency of the evidence to support his conviction of aggravated assault. (Appellant's brief at 4.) Appellant argues that the Commonwealth failed to prove specific intent to cause serious bodily injury. Appellant argues that the victim, Santiago, was not actually injured, and that there was no evidence he was pointing the gun in Santiago's direction when he fired. (*Id.* at 10.)

---

[1] The trial court issued its Rule 1925 order on March 13, 2014, directing appellant to file a Rule 1925(b) concise statement of errors complained of on appeal within 21 days. (Docket #10.) On April 7, 2014, appellant requested a 30-day extension, stating that the notes of testimony from trial were not yet available. (Docket #11.) On April 9, 2014, the trial court granted an extension of 30 days "from the receipt of all required notes of testimony," within which to file a concise statement. (Docket #12.) Appellant eventually filed the statement on August 19, 2014, and the trial court filed a Rule 1925(a) opinion on October 3, 2014. (Docket #13, 14.) The docket does not indicate when the notes of testimony were transcribed, so it is impossible to discern whether appellant's Rule 1925(b) statement was timely filed within 30 days thereof; regardless, the trial court addressed the issues raised in its Rule 1925(a) opinion and it is unnecessary to remand. *See* *Commonwealth v. Thompson*, 39 A.3d 335, 340 (Pa.Super. 2012) ("When counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues we need not remand and may address the merits of the issues presented."), citing *Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa.Super. 2009) (*en banc*). Filing an untimely Rule 1925(b) statement no longer results in automatic waiver in a criminal case.

We review Appellant's challenge to the sufficiency of the evidence under the following, well-settled standard of review:

> A claim challenging the sufficiency of the evidence presents a question of law. ***Commonwealth v. Widmer***, 560 Pa. 308, 744 A.2d 745, 751 (2000). We must determine "whether the evidence is sufficient to prove every element of the crime beyond a reasonable doubt." ***Commonwealth v. Hughes***, 521 Pa. 423, 555 A.2d 1264, 1267 (1989). We "must view evidence in the light most favorable to the Commonwealth as the verdict winner, and accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the fact finder properly could have based its verdict." ***Id.***

Our Supreme Court has instructed:

> [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. ***Commonwealth v. Ratsamy***, 594 Pa. 176, 934 A.2d 1233, 1236 n. 2 (2007).

***Commonwealth v. Fortune***, 68 A.3d 980, 983-984 (Pa.Super. 2013) (***en banc***), ***appeal denied***, 78 A.3d 1089 (Pa. 2013), quoting ***Commonwealth v. Thomas***, 65 A.3d 939, 943 (Pa.Super. 2013).

> A person may be convicted of Aggravated Assault graded as a first degree felony if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). "Serious bodily injury" has been defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. For aggravated assault purposes, an "attempt" is found where an "accused who possesses the required, specific intent acts in a manner which constitutes a substantial step toward perpetrating a serious bodily injury upon another." ***Commonwealth v. Gray***, 867 A.2d 560, 567 (Pa.Super.2005), ***appeal denied***, 583 Pa. 694, 879 A.2d 781 (2005). An intent ordinarily must be proven through circumstantial evidence and inferred from acts, conduct or attendant circumstances. ***Thomas***, 65 A.3d at 944, 2013 WL 1319796, at *4.

***Id.*** at 984.

> The Pennsylvania Supreme Court in ***Commonwealth v. Alexander***, 477 Pa. 190, 383 A.2d 887 (1978) created a totality of the circumstances test to be used to evaluate whether a defendant acted with the necessary intent to sustain an aggravated assault conviction. In ***Commonwealth v. Matthew***, 589 Pa. 487, 909 A.2d 1254 (2006), that Court reaffirmed the test and articulated the legal principles which apply when the Commonwealth seeks to prove aggravated assault by showing that the defendant attempted to cause serious bodily injury. Specifically, the Court stated, in relevant part, that:

> *Alexander* created a totality of the circumstances test, to be used on a case-by-case basis, to determine whether a defendant possessed the intent to inflict serious bodily injury. *Alexander* provided a list, albeit incomplete, of factors that may be considered in determining whether the intent to inflict serious bodily injury was present, including evidence of a significant difference in size or strength between the defendant and the victim, any restraint on the defendant preventing him from escalating the attack, the defendant's use of a weapon or other implement to aid his attack, and his statements before, during, or after the attack which might indicate his intent to inflict injury. *Alexander*, at 889. *Alexander* made clear that simple assault combined with other surrounding circumstances may, in a proper case, be sufficient to support a finding that an assailant attempted to inflict serious bodily injury, thereby constituting aggravated assault.

*Matthew*, 909 A.2d at 1257 (citation and quotation marks omitted). The Court indicated that our case law does not hold that the Commonwealth never can establish a defendant intended to inflict bodily injury if he had ample opportunity to inflict bodily injury but did not inflict it. Rather, the totality of the circumstances must be examined as set forth by *Alexander*. *Id.*

*Id.*

> Where the victim does not suffer serious bodily injury, the charge of aggravated assault can be supported only if the evidence supports a finding of an attempt to cause such injury. "A person commits an attempt when, with intent to commit a specific

> crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a). An attempt under Subsection 2702(a)(1) requires some act, albeit not one causing serious bodily injury, accompanied by an intent to inflict serious bodily injury. *Commonwealth v. Matthew*, 589 Pa. 487, 909 A.2d 1254 (2006). "A person acts intentionally with respect to a material element of an offense when . . . it is his conscious object to engage in conduct of that nature or to cause such a result[.]" *Id.* at 1257-58 (quotation omitted). "As intent is a subjective frame of mind, it is of necessity difficult of direct proof." *Id.* (citation omitted). The intent to cause serious bodily injury may be proven by direct or circumstantial evidence. *Id.*

*Id.* at 985, quoting *Commonwealth v. Martuscelli*, 54 A.3d 940, 948 (Pa.Super. 2012).

Here, appellant threatened Santiago that he would "bust you in your fucking mouth with this gun." Later, outside the deli, appellant grabbed Santiago while brandishing a firearm. When Santiago turned and ran, appellant fired. Appellant missed Santiago but struck a nearby vehicle. Appellant claims that there was no evidence he was actually aiming the gun at Santiago. It is true that Santiago's back was turned towards appellant so he could not testify that he saw where appellant was pointing the gun. However, as the Commonwealth points out, appellant ignores the evidence of the surveillance tape from the store which shows appellant pointing the gun in Santiago's direction when he fired. (Commonwealth's brief at 8; trial court opinion, 10/3/14 at 7 n.4.) The jury could also fairly infer appellant's

intent from his words and actions, including threatening to kill Santiago and blow his house up.

Appellant claims that he had ample opportunity to inflict serious bodily injury upon Santiago and did not. Appellant's argument misses the mark. The fact that Santiago fortuitously was not struck by appellant's bullet as he ran away does not negate intent. This is not a case where the defendant merely pointed a firearm in the victim's direction. ***Commonwealth v. Alford***, 880 A.2d 666, 671 (Pa.Super. 2005), ***appeal denied***, 890 A.2d 1055 (Pa. 2005) ("It is well settled that merely pointing a gun at another person in a threat to cause serious bodily injury does not constitute an aggravated assault."), citing ***Commonwealth v. Savage***, 418 A.2d 629, 632 (Pa.Super. 1980). Appellant repeatedly threatened the victim, physically assaulted him, and actually discharged his weapon in the victim's direction. These constituted substantial steps toward perpetrating a serious bodily injury upon Santiago. ***See Commonwealth v. Woods***, 710 A.2d 626, 631 (Pa.Super. 1998), ***appeal denied***, 729 A.2d 1129 (Pa. 1998) ("the jury was certainly entitled, although not required, to find the necessary intent to support an aggravated assault charge from the fact that appellant fired his weapon into [the victim's] vehicle while he occupied it"). The evidence was sufficient to support appellant's conviction of aggravated assault.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2015