J-S71034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TERRA FIRMA BUILDERS, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM M. KING, A/K/A  BILLY M. | : | |
| KING, AND MELANIE L. KING,  A/K/A | : | |
| MELANIE L. FRANTZ | : | No. 1521 EDA 2019 |
| | : | |
| Appellants | : | |

Appeal from the Judgment Entered July 9, 2019
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  No. CV-2013-1580,
No. CV-2013-4202, No. CV-2015-1536

| | | |
|---|---|---|
| TERRA FIRMA BUILDERS, LLC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WILLIAM KING AND MELANIE L. | : | No. 2045 EDA 2019 |
| KING A/K/A MELANIE L. FRANTZ | : | |

Appeal from the Judgment Entered July 9, 2019
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2015-001536

BEFORE:  BOWES, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    Filed: August 20, 2020

Terra Firma Builders, LLC appeals from the judgment entered in favor

of William King, a/k/a Billy M. King, and Melanie L. King, a/k/a Melanie L.

Frantz, ("the Kings") following a bench trial. Terra Firma alleges the trial court

erred in valuing the work. The Kings filed a cross appeal alleging the trial court erred in excluding their expert report and testimony. We affirm.

The Kings hired Terra Firma to do construction work in the backyard of their home. Terra Firma completed some work, but did not finish all work. Terra Firma filed a Complaint alleging breach of contract and unjust enrichment claims. The Kings filed an Answer, New Matter, and Counterclaim, alleging, among other things, that Terra Firma violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL").[1]

At an October 2017 bench trial, the parties agreed that Terra Firma did not complete the work, but presented differing testimony about the items remaining incomplete and the quality of the work completed. Terra Firma presented the testimony of its founder, Michael Rabena. He testified that the total amount agreed to by the parties was $421,000, N.T., 10/19/17, at 18, and the balance due for the work performed was $131,000. Findings of Fact and Conclusions of Law, filed Dec. 19, 2018, at ¶ 35. The Kings presented testimony that they never agreed to pay $421,000, the work was incomplete, and Terra Firma did not perform all items it claimed to have performed. Findings of Fact and Conclusions of Law, filed Dec. 19, 2018, at ¶ 12. The Kings also presented testimony from contractors who repaired and completed the work.

_____

[1] 73 P.S. §§ 201-1 – 201.93.

The Kings presented Robert J. Illo as an expert in construction, architecture, engineering, planning, and inspection. The Kings had served Terra Firma with a copy of Illo's expert report in discovery. It included a list of the documents he reviewed, his understanding of the work, and his observations of the work completed, and stated his opinion of the total fair value of the completed work. However, it did not set forth the individual line items or identify the methodology he used to arrive at his conclusions.

When the Kings asked Illo on direct examination for his opinion of the fair market value of the completed work, Terra Firma objected. Counsel stated that Illo's report did not include "a detailed analysis" and although Illo in his testimony had identified certain items of cost, the report had "nothing next to any one of these things that [he] talked about where it states a cost." N.T., 10/19/17, at 293. Terra Firma's counsel explained that in order to arrive at his opinion, Illo needed to determine from the plans the quantity of materials and the type of work needed, and then get material prices and subcontractor bids and do a cost analysis. *Id.* at 293-294.

The trial court sustained the objection, finding the testimony would go beyond the fair scope of the report. *Id.* at 312. The court stated, "[T]here's no question about what he considered. I mean, it's pretty extensive as to what he looked at and what he observed, but how does he arrive at a final figure? What is it based on?" *Id.* at 295. The court further explained that the report did not explain Illo's methodology and his opinion appeared to be guesswork:

> [I]t doesn't have to be – each figure has to be separately, I agree with you on that, but there has to be a methodology at how he arrives at that final figure that he can say --- where's he get his methodology? Where's his cost versus material and labor? How does he arrive at that figure? There's nothing in his report that says that. . . .
>
> He offers an opinion, this is my opinion. In the report, it doesn't say what the basis for his opinion is. . . .
>
> [T]o me, it just looks like he's guessing or speculating.

*Id.* at 307-311. The court added that allowing testimony as to his methodology would be unfair to Terra Firma, as it would have had no way to prepare a cross-examination.

The trial court found in favor of the Kings and against Terra Firma on Terra Firma's claims and found in favor of the Kings and against Terra Firma on the King's counterclaim in the amount of $27,266.30. Decision, filed Mar. 15, 2018, at ¶¶ 1-2. In reaching this conclusion, the court relied in part on the fair market value of the work as stated in Illo's report. Findings of Fact and Conclusions of Law, filed Mar. 15, 2018, at ¶ 82. Terra Firma filed a post-trial motion arguing, among other things, that the trial court relied on expert testimony that was not admitted into evidence. The trial court agreed, and granted a new trial.[2]

---

[2] At the first trial, the trial court also addressed a mechanic's lien claim that Terra Firma had filed. After the trial court granted a new trial, the Kings filed a motion to strike the mechanics' lien, which the trial court granted. Terra Firma appealed. This Court reversed. ***Terra Firma Bldrs., LLC v. King***, 215 A.3d 1002, 1002 (Pa.Super. 2019). Because the mechanics' lien claim was on appeal, it was not part of the second trial. Therefore, the only claims at issue in the second trial, and on appeal, are the breach of contract and unfair enrichment claims.

- 4 -

Before the second trial, the Kings served on Terra Firma a copy of Illo's amended expert report. Terra Firma filed a motion *in limine* to preclude the Kings from introducing it into evidence at trial. The court granted the motion and precluded the amended expert report, and the court denied reconsideration of the preclusion order. The case then proceeded to a bench trial and the parties stipulated that the testimony from the first trial would be admitted for the second trial, with the exception of Illo's testimony.

The trial court found in favor of the Kings on both the breach of contract claim and the unjust enrichment claim. It explained that because the contract between the parties failed to comply with the Pennsylvania Home Improvement Consumer Protection Act ("HICPA"), it was void and unenforceable. Regarding the unjust enrichment claim, it concluded that Terra Firma had received "adequate compensation for the value of services provided," in the amount of $235,266.30. Opinion at 15.

The court next concluded that although Terra Firma's violation of HICPA constituted a violation of the UTPCPL, it awarded the Kings no damages because they had failed to provide credible evidence of any damages. The parties filed post-trial motions, which the trial court denied. Terra Firma filed a notice of appeal, and the Kings filed a cross-appealed.

Terra Firma raises the following issue:

> Whether the Trial Court abused its discretion and/or committed an error of law by finding that the fair market value of the work performed at the King's home by Terra Firma was a value other than the value of $466,389.24 as

testified to by Michael Rabena of Terra Firma in ruling on Terra Firma's claim for unjust enrichment.

Terra Firma's Br. at 3.[3]

The Kings raise the following issue:

Whether the Trial Court abused its discretion and/or committed an error of law by precluding the testimony of expert Robert J. Illo, his expert report, and his amended expert report; by denying the Kings' Counterclaim; and by denying the Kings' request for a new trial and/or entry of judgment in their favor in the amount of $27,266.30?

The Kings' Br. at 3.[4]

## I.     Evidence of Damages

We will first address Terra Firma's issue. Terra Firma claims that the "sole competent evidence of record as to the fair market value of the work performed by Terra Firma at the Kings' residence was the testimony of Rabena." Terra Firma's Br. at 13. It therefore claims there was "no evidentiary basis for the trial court to assign a lesser value to the work performed by Terra Firma." *Id.* at 13. It requests that we remand the matter to the trial court for "a proper analysis of the damages due Terra Firma on its unjust enrichment claim in conformity with the testimony of Mr. Rabena establishing Terra Firma was, in fact, owed $133,123.42 for the work performed after the payments made by the Kings." *Id.* at 14.

---

[3] Terra Firma included as an issue the issue raised by the Kings on appeal, that is, whether the trial court properly excluded the expert witness presented by the Kings.

[4] The Kings included in their counter-statement of questions involved the question presented by Terra Firma, that is, whether the court erred in finding Terra Firma properly compensated and denying the unjust enrichment claim.

We apply the following standard of review to a trial court's determination of an unjust enrichment claim:

> We are bound to accept the [trial judge's] findings of fact, and accord them the weight of a jury verdict where supported by competent evidence. As for . . . factual and legal conclusions, we are not bound by the [trial] court's reasoning, and may reverse for an abuse of discretion or error of law.

*Wilson v. Parker*, --- A.3d ----, 2020 WL 400240, at *7 (Pa.Super. filed Jan. 24, 2020) (quoting *Den-Tal-Ez, Inc. v. Siemens Capital Corp.*, 566 A.2d 1214, 1217 (Pa.Super. 1989)).

To succeed on an unjust enrichment claim, the plaintiff must prove that

> (1) benefits [were] conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value ... In determining if the doctrine applies, our focus is not on the intention of the parties, but rather on whether the defendant has been unjustly enriched.

*Id.* at 8 (quoting *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 179 A.3d 1093, 1102 (Pa. 2018)) (emphasis removed) (alteration in original). When assessing damages for an unjust enrichment claim, "[e]nrichment is 'measured by the value of the benefit to the owner, not by the value of the invoice submitted by the subcontractor.'" *Karden Constr. Servs., Inc. v. D'Amico*, 219 A.3d 619, 628 (Pa.Super. 2019) (quoting *Ira G. Steffy & Son, Inc. v. Citizens Bank of Pa.*, 7 A.3d 278, 283 (Pa.Super. 2010)).

Here, Rabena testified regarding the alleged agreed-upon amount owed for the work. The Kings, however, presented evidence that Terra Firma did not complete all work that it claimed to have completed and that the Kings needed to hire other contractors to repair and complete the work. They also presented evidence of the amounts the Kings paid to such contractors. The trial court heard the testimony, made credibility determinations, and concluded that Terra Firma had "received adequate compensation for the value of services provided." Findings of Fact and Conclusions of Law at ¶ 107. We see no reason to disturb this conclusion.

## II.    Preclusion of Expert Report and Testimony

We next address the claim raised by the Kings in their cross appeal. The Kings claim the court erred as a matter of law or abused its discretion when it precluded Illo's testimony, his expert report, and his amended expert report.

### A. Preclusion of Expert Report and Testimony at the First Trial

The Kings argue that the preclusion of the expert testimony at the original trial was error because preclusion is "a drastic sanction," such that "a showing of prejudice is required." The King's Br. at 21. It claims Terra Firma did not establish prejudice because it "ha[d] full knowledge of [the] report's defects yet [chose] not to further investigate or challenge the expert's opinions until trial." *Id.* The Kings state that it "is unclear whether Rule 4003.5 and its fair-scope requirement applies to methodologies." *Id.* at 23. They claim that the Rule precludes an expert from testifying about facts and opinions not contained in the report, but does not necessarily prevent an

expert from testifying about his methodology, even if not contained in the report. They further argue that even if the fair-scope requirement applied to methodologies, the court erred or abused its discretion because Terra Firma would not have been prejudiced by the testimony or report.

"The admission of expert testimony is a matter within the sound discretion of the trial court, whose rulings thereon will not be disturbed absent a manifest abuse of discretion." **Woodard v. Chatterjee**, 827 A.2d 433, 440 (Pa.Super. 2003) (quoting **Walsh v. Kubiak**, 661 A.2d 416, 419 (Pa.Super. 1995) (*en banc*)).

To be admissible, "expert testimony must be based on more than mere personal belief, and must be supported by reference to facts, testimony or empirical data." **Snizavich v. Rohm and Haas Co.**, 83 A.3d 191, 195 (Pa.Super. 2013) (citation omitted). For example, a construction expert testifying about the cost of making repairs may properly rely on prices listed in an insurance guide generally used throughout the industry, in estimating repair costs. **Douglass v. Licciardi Constr. Co., Inc.**, 562 A.2d 913, 917 (Pa.Super. 1989).

The fair scope rule "provides that an expert witness may not testify on direct examination concerning matters which are either inconsistent with or go beyond the fair scope of matters testified to in discovery proceedings or included in a separate report." **Woodard**, 827 A.2d at 441 (citation omitted); **see also** Pa.R.C.P. 4003.2(c). "No 'hard and fast rule [exists] for determining when a particular expert's testimony exceeds the fair scope of his or her pre

trial report,' and we must examine the facts and circumstances of each case."

***Id.*** at 442 (citation omitted). We have stated that, when determining whether testimony is within the fair scope of the report:

> The question to be answered is whether, under the particular facts and circumstances of the case, the discrepancy between the expert's pre-trial report and his trial testimony is of a nature which would prevent the adversary from making a meaningful response, or which would mislead the adversary as to the nature of the appropriate response.

***Id.*** (quoting ***Feden v. Consol. Rail Corp.***, 746 A.2d 1158, 1162 (Pa.Super. 2000)) (emphasis removed).

Here, the trial court concluded that the expert's report did not contain a basis to support his opinion regarding the total fair market value of the work performed. It therefore sustained the objection to his testimony as beyond the fair scope of the report. The court noted the report did not explain how the expert reached his conclusion, and, from reviewing the report, the opinion appeared to be speculation. The court added that allowing the report and testimony would be unfair to Terra Firma, as it was unable to prepare a cross-examination.

The trial court did not abuse its discretion. The report did not contain sufficient information to allow Terra Firma to prepare a meaningful response. Further, although Terra Firma's counsel could have sought to preclude the report prior to trial, the Kings cite no rule requiring them to do so before trial, and we have found no such rule. ***Cf. Kurian ex rel. Kurian v. Anisman***, 851 A.2d 152, 161 (Pa.Super. 2004) (noting that Rule 4003.5(b) does not require

a party to file a written motion before the trial judge may exclude a witness's testimony, but that the filing of such a motion could be considered when the court determined whether admission of report would cause prejudice).

### B. Preclusion of Amended Report

The Kings further argue that preclusion of the amended expert report was error because they did not seek to re-open discovery. Rather they "merely supplemented [the] report to include Illo's methodology so that the same issue that occurred at the first trial would not occur again." The King's Br. at 21. They argue that new evidence is permitted at a new trial, and that Terra Firma would not have been prejudiced by the admission of the amended report. The Kings argue that the grant of a new trial "wipes the slate clean of the former trial." *Id.* at 29 (quoting *Commonwealth v. Oakes*, 392 A.2d 1324, 1326 (Pa. 1978)). They argue the amended report was permissible new evidence. They further argue that they had an obligation to supplement the report, and that they did so three months before the second trial, and that the only change was the addition of the methodology used. *Id.* at 31.

We review rulings on the admission or preclusion of evidence for an abuse of discretion. *Jacobs v. Chatwani*, 922 A.2d 950, 956 (Pa.Super. 2007). When determining whether to preclude an expert witness due to failure to comply with a discovery order, the court should consider:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified,
>
> (2) the ability of that party to cure the prejudice,

- 11 -

(3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of cases in the court,

(4) bad faith of [sic] willfulness in failing to comply with the court's order.

*Jacobs*, 922 A.2d at 961-62 (quoting *Smith v. Grab*, 705 A.2d 894, 902 (Pa.Super.1997)).

Here, the trial court concluded that although the grant of a new trial gave the parties the opportunity for new evidentiary rulings, the order did not re-open discovery. Trial Court Opinion, filed Aug. 22, 2019, at 4-5. The court pointed out that the original discovery deadline was eight weeks before the beginning of the first trial, and it had not extended the deadline when it ordered a new trial. The court explained that, in its view, admitting Illo's amended report would unfairly prejudice Terra Firma:

> Simply put, the arguments of [the Kings] would lead to an untenable result that would clearly unfairly prejudice [Terra Firma]. The Court's mistake, relying on the inadmissible report in its initial Decision, cannot be a basis for which [the Kings] can seek to introduce an amended report to get a second bite of the apple. If the Court had never relied on the deficient report, the Decision would have been issued as it was after the new trial. [The Kings] should not, and cannot point to any case law that indicates that they should, get a chance to revamp or rectify errors in their trial strategy based on an error of the Court.

*Id.* at 5-6.

The trial court did not abuse its discretion. A court may preclude expert opinion because of a late-filed expert report where, as here, it determined that admission of the report would prejudice the other party. The only reason the court granted the second trial was to cure its improper reliance on Illo's

- 12 -

inadmissible report. It did not grant a new trial to give the Kings an opportunity to fix Illo's report. If the court had allowed the amended report, Terra Firma would have almost certainly have wanted to obtain an expert to counter the new evidence, which would take both time and money. Permitting the report and testimony at the second trial would have thus extended the remedy beyond the error the new trial was intended to correct, while increasing expenses and compounding delay, in an already protracted case.

*Feingold v. Southeast Pennsylvania Transportation Authority*, 517 A.2d 1270, 1273 (Pa. 1986), is not to the contrary. There, SEPTA sought to present at trial the testimony of the treating physician of the plaintiff, Allen Feingold, but the trial judge disallowed the testimony because, contrary to local rule, SEPTA had not listed the doctor as a witness on its pretrial statement. *Id.* at 1272. The Supreme Court found the testimony admissible, noting that this Court, in reversing the exclusion of the testimony, had relied on several factors: bad faith in failing to list the witness, the party's ability to have discovered the witness earlier, validity of the excuse for failing to list the witness, the willfulness of the violation, the intent to mislead or confuse the opposing party, and the importance of the witness's testimony. *Id.* at 1273. The Supreme Court concluded that the trial court had improperly excluded the doctor's testimony, explaining that Feingold's claims of prejudice rang hollow in view of the facts that the witness was Feingold's treating physician and Feingold himself had identified him as an expert witness. *Id.* This case is

utterly different, if only because the trial court here had a well-founded basis for finding prejudice.

We also respectfully disagree with the dissent's suggestion that the reference in Pa.R.C.P. 4003.5(c) to "supplemental" reports has the effect of overriding expert report and discovery deadlines. That reference is contained in a list of documents in which a party may have set forth expert opinion, and the rule unsurprisingly does not contain any time limitations on submission of supplemental expert reports and discovery responses. That is not what Rule 4003.5(c) does. Rather, it sets forth the rule that the expert's trial testimony "may not be inconsistent with or go beyond the fair scope of his or her testimony in the discovery proceedings. . . ." Pa.R.C.P. 4003.5(c). The remainder of Rule 4003.5 sets forth procedures for obtaining expert opinions, but does not address discovery and expert deadlines, which are typically governed by case management orders, such as the trial court entered here.

Furthermore, the Kings' observation that a new trial generally allows for new evidence is beside the point. Certainly, upon the grant of a new trial, the parties were entitled to new rulings on evidence, points for charge and other matters that might arise in the course of the new trial. *See Oakes*, 392 A.2d at 1327. But that principle does not mean that a party is automatically entitled to submit a new expert report, in contravention of discovery deadlines. Nor does it alter the *Feingold* rule that the court should preclude expert testimony where the expert's report – supplemental or original – was late, to the detriment of the other side.

The Kings also fundamentally misunderstand Pa.R.C.P. 4007.4. That rule did not require, much less permit, a supplemental expert report here. Rule 4007.4 does not in general allow supplemental reports. Rather, it imposes a duty to correct an expert report if new information shows that the report contains at least one statement that was "was incorrect when made," or "though correct when made is no longer true." Pa.R.C.P. 4007.4(2)(a), (b).

The Kings did not submit the amended report to correct any false information, but rather to add information that was missing from the first report, in an effort to render Illo's testimony admissible. It therefore was not within the scope of Rule 4007.4(2)(a) or (b). Although the rule also allows a party to supplement an expert report pursuant to order of court, agreement of the parties, or new requests to supplement prior responses, no one contends that any of that happened here. Pa.R.C.P. 4007.4(2)(c). Rule 4007.4 does not by its plain terms permit a supplemental expert report to fix deficiencies – here, the absence of any methodology – in the report that previously led the trial court to preclude the expert's opinions. There was no abuse of discretion.

Judgment affirmed.

Judge Murray joins the memorandum.

Judge Bowes files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esc.
Prothonotary

Date: 8/20/20